IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) Amber Selvey, individually:<br>(2) Tyler Selvey, individually:<br>(3) and on behalf of their minor child, L.S.;<br><br>    Plaintiffs,<br>v.<br><br>(1) Independent School District No. 16 of Payne County, State of Oklahoma, a/k/a Stillwater Public School District, a/k/a Stillwater Independent School District No. 16, *et. al.*,<br><br>    Defendants. | CASE NO. 5:25-cv-01544-SLP |

## MOTION TO DISMISS OF DEFENDANT WALTER HOWELL,

Defendant Walter Howell hereby move the Plaintiffs' Complaint, pursuant to FRPC12(b)(6) based upon the following arguments and authorities.

STATEMENT OF CASE

This case arises out of the alleged sexual and physical assault of the minor Plaintiff, L.S. by her then boyfriend, Defendant Jesse Butler ("Butler"), between the time period of January 2024 through March of 2024 (Dkt. #1, at 22-23).

Although at the time of the alleged assaults, both the minor Plaintiff and Defendant Butler were students enrolled at the co-defendant Stillwater Independent School District No. 16's High School ("District"), none of the alleged assaults are alleged to have occurred either on the District's grounds or at any school function (Dkt. #1, at 22-23).

Defendant Walter Howell was, at all times relevant, the principal at Stillwater High School (Dkt. #1, at 14).

Plaintiff alleges that on September 12, 2024 she reported the assaults to the School District's assistant principal but that the District neither investigated the complaint nor, initially, took any other action (Dkt. #1 at 32-37). She then obtained an Emergency Protective Order ("EPO") and served it on Defendant Bulter on the District's campus (Dkt. #1 at 42-43).

The alleged factual basis for Plaintiffs' claims against Defendant Howell are as follows:

1) That Howell didn't properly flag the EPO on the District's data base because he didn't want to interfere with defendant Butler's education but informed the minor plaintiff's mother that when the EPO was dropped, the district would still keep Butler out of classes with the minor plaintiff (Dkt. #1 at 53-55)

2) That Howell "glared" and "intimidated" the minor plaintiff at a wrestling match (Dkt. #1 at 60-62)

3) That Howell strayed into a "locked-door meeting" that was being held in his office for the minor plaintiff and that he then eaves-dropped by leaving open the door to the meeting room (Dkt. #1 at 63-66).

4) That following an incident where Defendant Butler was alleged to have violated the EPO, Howell "advocated" for Butler to not face consequences for such violation (Dkt. #1 at 78-82).

5) That sometime later, Howell continued to attend school football games where he "repeatedly stared at and harassed" the minor plaintiff (Dkt. #1, at 95 ).

Plaintiffs alleges two state-based tort claims against Defendant Howell, to-wit: 1) a claim for intentional infliction of emotional distress (Dkt. #1 at 128-132), and 2) a negligence claim on behalf of only the adult Plantiffs but not the minor plaintiff (Dkt. #1 at 159-162).

Defendant Howell urges the Court to dismiss these causes of action based upon the following argument and authorities:

### Rule 12(b)(6) Standard for Motion to Dismiss

A complaint is subject to dismissal if it fails "to state a claim upon which relief can be granted." Fed. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" *Ashcroft v. Iqbal*, 552 U.S. 662, 678 (200() (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Plausibility, as to motions to dismiss require the complainant to plead facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probablility reguirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.*

In analyzing a complaint under the *Ashcroft* and *Twombly* tests, a Court first identifies "the allegations in the complaint that are not entitled to the assumption of truth,", ie. legal and bare assertions. *Ashcroft* at. 679-681).

A Court then evaluates the factual allegations "to determine if they plausibly suggest an

3

entitlement to relief." *Id.* 681. Accordingly, "mere 'labels and conclusions,' and a 'formulaic recitation of the elements of a cause action' will not suffice; a plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC, v. Collins*, 656 F. 3d 1210, 1214 (10th Cir. 2011). (quoting *Twombly*, 550 U.S. at 555). Although "Plaintiff is not required to set forth a prima facie case for each element, she is required to set forth plausible claims." *Khalik v. United Air Lines*, 671 F. 3d 1188, 1193 (10th CIR. 2012). In short, a Court "must determine whether the complaint <u>sufficiently alleges facts</u> supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v Simon,* 495 F.3d 1181, 1186 (10th Cir. 2007) (emphasis added, internal quotations and citation omitted).

## I. Plaintiffs have failed to plead any facts to support intentional infliction of emotional distress cause of action against Defendant Howell.

The sum of Plaintiff's allegations against defendant Howell that form the bases of their third cause of action of Intentional Infliction of Emotional Distress is that 1), Howell told the minor plaintiff's mother that he didn't correctly enter the EPO flag against the minor's ex-boyfriend on the school's database because he didn't want to affect defendant Butler's education, 2) that he has "glared" "intimidated" and "harassed" the minor plaintiff at a wrestling match and some football games and, 3) that on one occasion, Howell walked into and, subsequently eaves-dropped on a private meeting concerning the minor plaintiff's safety.

Plaintiffs fails to assert that her alleged emotional distress was either the intended consequence or primary risk of Defendant Howell's alleged conduct.

While Oklahoma recognizes the tort of intentional infliction of emotional distress, (also known as the tort of "outrage"), the range of conduct arising to such a tort is quite narrow. *Breeden v League Servs. Corp*., 575 P. 2d. 1374, 1377-1378 (Okl. 1978).

4

As stated in Breeden, Oklahoma has adopted the "narrow standards" of the Restatement (Second) of Tort § 46. *Id.; Eddy v Brown,* 715 P2d 74, 76 (Okl. 1986); namely, "(o)ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject ot liability for such emotional distress".

Under Oklahoma law, in following this narrow standard, a plaintiff must show that: "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was **extreme and outrageous**; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe.: *Computer Publications, Inc. V Welton*, 49 P. 3d 732, 735 (Okla. 1998) (emphasis added).

More than once, the Oklahoma Supreme Court has emphasized that the parameters for recovery under an intentional infliction claim are "narrow", and that when testing the legal soundness of the such a claim there must be acts by a defendant that are intentional or reckless. *Gaylord Entertainment Co. v. Thompson*, 958 P.2d. 128, 149 (Okla. 1998).

In the case at bar, Plaintiffs have made vague allegations against defendant Howell of "glaring" "intimidation" "harassment", walking in on a closed-door meeting in his office, and subsequently eaves-dropping on that meeting as the factual basis for their intentional infliction of emotional distress claim. These allegations are not nearly sufficient to amount to "extreme and outrageous" conduct by defendant Howell. They arguably don't even rise to acts of indiscretion. Vague "harassment" "intimidation" and glaring or staring do not meet the standard required to be met under F.R.C.P. 12(b)(6). They are, as noted in *Collins,* boiler plate labels and conclusions, never mind that they don't even meet the elements of this cause of action.

In short, Plaintiffs' claim for Intentional Infliction of Emotional Distress fails under the long-standing precedent set forth in Twombly and Iqbal, *supra.*

## II. Defendant Howell, as an employee of a state political subdivision, is shielded from individual liability for negligence.

Plaintiffs allege in their ninth cause of action a claim of negligence against all defendants but only on behalf of the adult plaintiffs, Amber Selvey and Tyler Selvey and not the minor plaintiff (Dkt. #1 at 159-162). No allegation is contained within that cause of action of what this Defendant did that constitutes negligence towards the adult plaintiffs. Moreover, also seek punitive damages against all defendants in this cause of action.

Putting those semantics aside, while plaintiffs have named Defendant Howell in his "individual and official capacity" the alleged facts concerning his conduct all took place while he was acting as the principal at Stillwater High School.

Based upon such allegations, Plaintiffs' claims against this Defendant are therefore governed by the Oklahoma Governmental Tort Claims Act ("GTCA"), 51 O.S. § 151, *et seq*. The GTCA provides the exclusive remedy by which a political subdivision may be sued. As stated in 51 O.S. §153:

> "A. The state or political subdivision shall be liable for a loss resulting from its torts, <u>or the torts of its employees acting within the scope of their employment</u>, subject to the limitations and specifications specified in this Act, and only with the state or political subdivision if a private person or entity, would be liable for money damages under the laws of this state. The state or political subdivision shall not be liable under the provisions of this Act for any act or omission of any employee acting outside the scope of his employment.
>
> "B. <u>Liability of the state or political subdivision shall be exclusive of all other liability of the state, political subdivision, or employee at common law or otherwise</u>." (Emphasis added.)

Case law construing this provision has routinely and consistently held that any recovery available in tort against a political subdivision must be found within the boundaries defined by the Governmental Tort Claims Act. *Curtis vs. Board of Educ. of Sayre*, 1995 OK 19, 914 P.2d 656, 658  *Duncan vs. City of Nichols Hills*, 1995 OK 19, 913 P.2d 1303, 1307; *Rout vs. Crescent Public Works Authority*, 1994 OK 85, 878 P.2d 1045, 1049 Unlike the common law theory of *respondeat superior,* an employee of a political subdivision is relieved from personal liability for torts committed within the scope of employment. *Tuffy's, Inc. v. City of Oklahoma City,* 2009 OK 4, 212 P.3d 1158.

As stated in 51 O.S. §153(C):

> "Suits instituted pursuant to the provisions of this Act shall name as the defendant the state or political subdivision against which liability is sought to be established. <u>In no instance shall an employee of the state or political subdivision acting within the scope of his employment be named as a defendant,</u>...." (Emphasis added.)

Nowhere in the Complaint does it allege what the conduct of Defendant Howell specifically was that amounts to negligence, other than the two telephone conversations with Plaintiff Amber Selvey (Dkt. #1 ,44-45, and 52-54).

Regardless, the other alleged acts towards the minor plaintiff are all alleged to have occurred at school-related activities .
These alleged facts -if they even constitute a tort- are completely void of any plausible alleged fact  that would place Defendant Howell's conduct outside of the scope of his employment as high school principal for the defendant district.
 See also, *Cooper vs. Millwood ISD*, 1994 OK Civ App 114, 887 P.2d 1370, 1374 (The GTCA "defines scope of employment as performance by an employee acting in good faith within the duties of his office or employment... ").

For such reasons, Defendant Walter Howell, requests that this Court sustain his Motion to Dismiss.

    /sPeter A. Erdoes
Peter A. Erdoes, OBA #11298
21 East Main Street, Suite 101
Oklahoma City, Oklahoma 73104
(405) 232-3533
Peter@erdoespc.com
ATTORNEY FOR DEFENDANT
WALTER HOWELL

CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2026, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

s/ Peter A. Erdoes
WALTER HOWELL

**CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2026, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

s/ Peter A. Erdoes