IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) Amber Selvey, individually;<br>(2) Tyler Selvey, Individually;<br>(3) and on behalf of their minor child L.S;<br>,<br>　　　　Plaintiffs,<br>v.<br><br>(1) Independent School District Number 16 of Payne County, State of Oklahoma, a/k/a Stillwater Public School District, a/k/a Stillwater Independent School District Number 16;<br>(2) City of Stillwater;<br>(3) Jesse Butler, an individual;<br>(4) Jacque Butler, an individual;<br>(5) Mack Bulter, in his individual and official capacity;<br>(6) Paul Blankinship, in his individual and official capacity;<br>(7) Walter Howell, in his individual and official capacity;<br><br>　　　　Defendants. | Case No: CIV-25-1544-SLP<br>Judge |

## ANSWER OF JESSE BUTLER

**COMES NOW** the Defendant, Jesse Butler, and for his Answer to the Complaint filed herein by the Plaintiffs, alleges and states as follows:

1. The Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. The Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

1

3. The Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. The Defendant lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 4 of Plaintiff's Complaint, and therefore, said allegations are denied and Defendant demands strict proof thereof.

5. The allegations contained in Paragraph 5 of Plaintiff's Complaint are not directed to this Defendant, and therefore, no response is necessary. To the extent that a response is required, Defendant is without sufficient information to admit or deny the allegations contained in Paragraphs of Plaintiff's Complaint and demands strict proof thereof.

6. The allegations contained in Paragraph 6 of Plaintiff's Complaint are not directed to this Defendant, and therefore, no response is necessary. To the extent that a response is required, Defendant denies the allegations contained in Paragraphs of Plaintiff's Complaint and demands strict proof thereof.

7. The allegations contained in Paragraph 7 of Plaintiff's Complaint are not directed to this Defendant, and therefore, no response is necessary. To the extent that a response is required, Defendant denies the allegations contained in Paragraphs of Plaintiff's Complaint and demands strict proof thereof.

8. The allegations contained in Paragraph 8 of Plaintiff's Complaint are not directed to this Defendant, and therefore, no response is necessary. To the extent that a response is required, Defendant denies the allegations contained in Paragraphs of Plaintiff's Complaint and demands strict proof thereof.

9. The Defendant admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. The Defendant admits he has attended Stillwater High School, but is without information as to attendance "at all relevant times" in Paragraph 10 of Plaintiff's Complaint.

11. The allegations contained in Paragraph 11 of Plaintiff's Complaint are not directed to this Defendant, and therefore, no response is necessary. To the extent that a response is required, Defendant denies the allegations contained in Paragraphs of Plaintiff's Complaint and demands strict proof thereof.

12. The allegations contained in Paragraph 12 of Plaintiff's Complaint are not directed to this Defendant, and therefore, no response is necessary. To the extent that a response is required, Defendant denies the allegations contained in Paragraphs of Plaintiff's Complaint and demands strict proof thereof.

13. The allegations contained in Paragraph 13 of Plaintiff's Complaint are not directed to this Defendant, and therefore, no response is necessary. To the extent that a response is required, Defendant denies the allegations contained in Paragraphs of Plaintiff's Complaint and demands strict proof thereof.

14. The allegations contained in Paragraph 14 of Plaintiff's Complaint are not directed to this Defendant, and therefore, no response is necessary. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint and demands strict proof thereof.

15. The Defendant admits the allegations contained in Paragraph 15 of Plaintiff's Petition.

16. The Defendant admits the allegations contained in Paragraph 16 of Plaintiff's Petition.

17. The Defendant lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 17 of Plaintiff's Petition, and therefore, said allegations are denied and Defendant demands strict proof thereof.

18. The Defendant lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 18 of Plaintiff's Petition, and therefore, said allegations are denied and Defendant demands strict proof thereof.

19. The Defendant lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 19 of Plaintiff's Petition, and therefore, said allegations are denied and Defendant demands strict proof thereof.

20. The Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint and demands strict proof thereof.

21. The Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint and demands strict proof thereof.

22. The Defendant admits he and L.S. were in a dating relationship.

23. Defendant denies the allegations in paragraphs 23 through 41 and demand strict proof thereof.

24. The Defendant admits the allegations contained in Paragraphs 42 and 43 of Plaintiff's Petition.

25. The Defendant is without information as to the allegations against other Defendants, and to the extent applicable to any allegations of wrongdoing against this Defendants,

4

and denies the allegations in paragraphs 44 through 162 of Plaintiff's Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1. The incident complained of in the Plaintiffs' Complaint may have been caused by the negligence of third parties over whom this Defendant had no control or supervision, and therefore, liability will not attach to this Defendant.

2. The incident complained of in the Plaintiff's Complaint may have been the direct result of the negligence of the Plaintiff(s), and each of them, in a degree to either prohibit or lessen any recovery thereunder.

3. The injuries complained of by the Plaintiffs were not the proximate result of any actions of Defendant.

4. The Plaintiff may have voluntarily consented to certain actions or omissions alleged herein and thus are not actionable at law.

5. The Plaintiff may have sustained no injury or was not injured as severely as alleged as a result of the incident in this suit.

6. Plaintiff may have voluntarily assumed the risk of a known danger and is not entitled to recover herein.

7. The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

8. The Defendant reserves the right to amend or abandon any or all of the allegations stated in his Answer.

9. It is anticipated that additional affirmative defenses may become known through the discovery process; therefore, this Defendant reserves the right to plead them as they are

discovered.

10. Plaintiffs' claims for punitive damages are not warranted under the facts and circumstances of this case.

11. Plaintiffs' claims for punitive damages violate the Constitutions of both the State of Oklahoma and the United States of America.

12. Any award of punitive damages based on the standard of proof that is less than "clear and convincing" would violate the due process clause of the Fourteenth Amendment of the United States Constitution and the due process clause of the Oklahoma Constitution.

13. Any award of punitive damages based on vague and undefined standards of liability would violate the due process clause of the Fourteenth Amendment of the United States Constitution and the due process clause of the Oklahoma Constitution.

**WHEREFORE**, the Defendant, Jesse Butler, prays that judgment be rendered in his favor, that he be awarded his costs and attorney fees, and any and all other relief the Court deems just and equitable.

Respectfully submitted,

s/Maurice G. Woods, II
MAURICE G. WOODS, II, OBA #16582
SETH A. CAYWOOD, OBA #30517
MAURICE G. WOODS, PLLC
410 N.W. 13th Street
Oklahoma City, OK 73103
Telephone: (405) 232-5067
Facsimile: (405) 232-0009
MW@mwoodslaw.com
Seth@mwoodslaw.com
***Attorneys for Defendant***
***Jesse Butler***

## **CERTIFICATE OF SERVICE**

  I certify that a true and correct copy of the foregoing document was served by:

☒ Email
☐ Fax
☒ First Class Mail
☐ Certified Mail, Return Receipt Requested
☐ Hand Delivery

upon the following on the 10th day of February 2026:

Pansey Moore-Shrier, OBA No. 20289
Drew Matthews, OBA No. 34979
Cheyenne Dontaello, OBA No. 35894
Moore- Shrier Law Firm
201 S. Denver Ave, Box-7
Suite 306
Tulsa, Oklahoma 74103

           s/Maurice G. Woods, II
           MAURICE G. WOODS II