IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

AMBER SELVEY, individually;                  )
TYLER SELVEY, individually;                  )
and on behalf of their minor child L.S.      )
                                             )
                    Plaintiffs,              )
                                             )
v.                                           )        Case No.  CIV-25-1544-SLP
                                             )
                                             )
INDEPENDENT SCHOOL DISTRICT,                 )
NUMBER 16 OF PAYNE COUNTY, et al.            )
                                             )
                    Defendants.              )

## DEFENDANT CITY OF STILLWATER'S
## MOTION TO DISMISS AND BRIEF IN SUPPORT

Defendant City of Stillwater (hereafter "Defendant City") hereby respectfully submits its Motion to Dismiss Plaintiff's claims asserted against it in Plaintiff's Complaint (Dkt. 1), pursuant to Fed. R. Civ. P. 12(b)(6). In support of its Motion to Dismiss, Defendant City would show the Court as follows:

### I. INTRODUCTION

Plaintiffs' action involves various alleged assaults of minor Plaintiff, L.S., by her boyfriend at the time, Defendant Jesse Butler. (Dkt. 1, pp. 4-10). The alleged assaults occurred during the early spring school months of 2024. (Dkt. 1, pp. 4-10). The minor Plaintiff, L.S., and Defendant Jesse Butler, were students at Stillwater Independent School District No. 16's High School, during this time period. (Dkt. 1, pp. 4-10). Plaintiffs' action also involves alleged conduct by Jesse Butler's parents and several employees of the School District as well. (Dkt. 1, pp. 4-10).

Based on this alleged conduct, Plaintiffs' Complaint brings causes of action against the School District itself, as well as Jesse Butler, Jesse Butler's parents, certain employees of the School District, and the City of Stillwater. Plaintiffs assert a total of nine different claims for relief. Only two of them are asserted against Defendant City. First, in Plaintiffs' Fourth Claim for Relief, Plaintiffs assert that the City is liable under a theory of *respondeat superior* for the commission of the tort of intentional infliction of emotional distress, allegedly carried out by three different School District employees, Mack Butler, Walter Howell, and Paul Blankinship. (Dkt. 1, p. 17). Second, Plaintiffs assert, in their Fifth Claim for Relief, that the City was negligent in the hiring, supervision and retention of School District employees, Mack Butler, Walter Howell, and Paul Blankinship. (Dkt. 1, p. 17).

Importantly, in an attempt to comply with the Oklahoma Governmental Tort Claims Act's ("OGTCA") notice of tort claim provisions, Plaintiffs' Complaint insinuates that Plaintiffs submitted a Notice of Tort Claim to Defendant City with the claims asserted against Defendant City. (Dkt. 1, p. 4, ¶ 17). Plaintiffs state that such Notice of Tort Claim was received by Defendant City on September 11, 2025. (Dkt. 1, p. 4, ¶ 17). However, Plaintiffs' Complaint misrepresents what is contained in their Notice of Tort Claim. (Dkt. 1, ¶ 17); (Ex. 1, Notice of Tort Claim).

First, however, while Plaintiffs failed to attach their Notice of Tort Claim to their Complaint, federal law still allows this Court to consider it without converting this Motion to Dismiss into a Motion for Summary Judgment. This is because Plaintiffs have expressly referred to their Notice in the Complaint, the Notice is fundamentally central to Plaintiffs' claims against Defendant City, and there is no anticipated dispute about its authenticity

whatsoever. *See Walbridge v. City of Oilton, Oklahoma*, 785 F. Supp. 3d 978, 989 (N.D. Okla. 2025). The attached Notice of Tort Claim is also not offered to prove the truth of the matter asserted therein, but rather to show its contents, i.e., what was included in the Notice, as well as what was not included. Additionally, a Notice of Tort Claim would be, by definition, a matter of public record of which this Court can take judicial notice. *See id*.

As the Northern District has recently explained:

> Trial judges are not limited to only looking at the facts of the complaint if the following conditions are met: (1) the complaint incorporates documents by reference, i.e., "documents attached as exhibits to the complaint"; (2) the complaint refers to the documents and "the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity; and (3) matters of which a court may take judicial notice." *Id.* at 1186 (citations omitted). On this latter prong, a court may "take judicial notice of its own files and records, as well as facts which are a matter of public record." *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006). Those documents, however, "may only be considered to show their contents, not to prove the truth of matters asserted therein." *Id.* (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)).

*Walbridge*, 785 F. Supp. 3d at 989 (N.D. Okla. 2025).

Under the above, well-established procedural rule, the Court may consider Plaintiffs' Notice of Tort Claim under the second and third exceptions outlined by *Tal v. Hogan*, 453 F.3d at 1265 n.24. Plaintiffs clearly have referenced the Notice of Tort Claim in their Complaint. (Dkt. 1, ¶ 17). The Notice is also undeniably central, and indeed fundamental, to Plaintiffs' claims against Defendant City, since compliance with the OGTCA's notice requirement is a jurisdictional prerequisite to filing suit to begin with. Okla. Stat. tit. 51, § 156; *Ullman v. Oklahoma Highway Patrol*, 2023 OK 100, ¶ 20, 538 P.3d 138, 144 ("The notice requirement is a mandatory prerequisite jurisdictional

requirement to filing a claim for tort damages."). If Plaintiffs did not submit a Notice of Tort Claim substantially complying with the OGTCA's notice provisions with respect to Defendant City, Plaintiffs have no viable tort claim against Defendant City at all. *See* Okla. Stat. tit. 51, § 156; *Ullman*, 2023 OK 100, ¶ 20, 538 P.3d at 144. There is also no genuine dispute as to the authenticity of the Notice submitted by Plaintiffs. *Walbridge*, 785 F. Supp. 3d at 989. The Notice is also only offered to show its contents, not to prove the truth of any matters asserted therein. *See Walbridge*, 785 F. Supp. 3d at 989 (N.D. Okla. 2025). Apart from this, the Notice is also a matter of public record, which is a separate basis for considering it at the dismissal stage, under *Tal v. Hogan*, 453 F.3d at 1265 n.24. Consequently, the Notice of Tort Claim can be permissibly considered by the Court in ruling upon Defendant City's Motion to Dismiss. *See id*.

A review of Plaintiffs' Notice demonstrates that it is not a notice of any tort claim that is now asserted against Defendant City. (Ex. 1, Notice of Tort Claim). Rather, it is a notice of Plaintiffs' claims being asserted primarily against the School District itself. (Ex. 1, Notice of Tort Claim). Further, it only lists one claimant on the Notice of Tort Claim. Therefore, and as explained more fully herein, the Notice fails to substantially comply with the notice requirement under the OGTCA, which is a jurisdictional prerequisite for all tort claims against governmental entities. Okla. Stat. tit. 51, § 156; *Ullman*, 2023 OK 100, ¶ 20, 538 P.3d at 144. As a result, Plaintiffs' claims against Defendant City must be dismissed. Fed. R. Civ. Proc. 12(b)(6).

Independent of this, Plaintiffs' Fourth Claim for Relief, asserted against Defendant City, also fails under the clear language of Okla. Stat. tit. 51, § 153, which provides that a

4

municipality is not liable for any act of an employee acting outside the scope of employment. Okla. Stat. tit. 51, § 153. Specifically, Plaintiffs' Fourth Claim for Relief asserts that Defendant City is liable under a theory of *respondeat superior* for the tort of intentional infliction of emotional distress allegedly carried out by Defendants Mack Butler, Walter Howell, and Paul Blankinship, who were school employees. (Dkt. 1, pp. 16-17). Due to the inherent elements of the tort of intentional infliction of emotional distress, it necessarily cannot be carried out within the scope of employment under Oklahoma law. *See, e.g., Murphy v. Spring*, 58 F. Supp. 3d 1241, 1264 (N.D. Okla. 2014). For this independent reason, Plaintiffs' Fourth Claim for Relief should be dismissed for failure to state a claim under Fed. R. Civ. Proc. 12(b)(6).

## II. ARGUMENT & AUTHORITIES

In considering a 12(b)(6) motion, the truth of a plaintiff's *well-pled* factual allegations must be viewed in the light most favorable to the plaintiff. *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005). To overcome such a motion, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. The complaint must possess enough heft to "show that the pleader is entitled to relief" and furnish "factual allegations plausibly suggesting (not merely consistent with)" an entitlement to relief. *Id.* at 557. A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009) (citing *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009)). In that regard, the court need not credit bald assertions or legal conclusions masquerading as facts. *Iqbal,* 555 U.S. at 681.

"The Court must ask whether there is plausibility in the complaint when addressing the issue of sufficient factual pleadings to overcome a FRCP 12(b)(6) Motion to Dismiss." *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009), citing *Christy Sports, LLC v. Deer Valley Resort Co*., 555 F.3d 1188, 1191 (10th Cir. 2009). The *Hall* Court also found that the complaint does not need detailed factual allegations, but the factual allegations must be enough to raise a right to relief above the speculative level. *Id*. The Court further held that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hall* at 863, citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). In *Iqbal*, the Court stressed that it is not enough for the plaintiff to plead facts "merely consistent" with the defendant's liability, and that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal* at 1949.

A plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (citing *Twombly*, 550 U.S. at 570). Where the complaint pleads only facts that do not permit the court to infer more than the mere possibility of misconduct, such complaint has not shown that the plaintiff is entitled to relief. *Id*. at 1950. *See also* Fed. R. Civ. P. 8(a)(2). Also, where a complaint contains no more than mere legal conclusions, such conclusions are not entitled to a presumption of truth. *Iqbal* at 1949-50.

Rather, a plaintiff must allege enough factual matter that, taken as true, suggest the legal conclusion plaintiff asserts. *Id*. at 1950 (citing *Twombly*, 550 U.S. at 570 (because the well-pleaded fact of conduct, accepted as true, did not plausibly suggest an unlawful agreement, the complaint must be dismissed)). While the pleading standard of Fed. R. Civ. P. 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 1949.

## A.    PLAINTIFFS FAILED TO SUBSTANTIALLY COMPLY WITH THE OGTCA'S NOTICE PROVISIONS.

Before a plaintiff may file any cause of action sounding in tort against a governmental entity in Oklahoma, the plaintiff must comply with the state's notice requirement under the OGTCA with respect to that claim. Okla. Stat. tit. 51, § 156; *Ullman v. Oklahoma Highway Patrol*, 2023 OK 100, ¶ 20, 538 P.3d 138, 144. "The notice requirement is a mandatory prerequisite jurisdictional requirement to filing a claim for tort damages." *Ullman*, 2023 OK 100, ¶ 20, 538 P.3d at 144. As the Oklahoma Supreme Court has recently explained, "[a] lawsuit must be based on the claimant presenting written notice of a claim within one year of the date the loss occurs, or the claim is forever barred." *Id*.

Specifically, the OGTCA's notice provision states:

A. Any person having a claim against the state or a political subdivision within the scope of Section 151 et seq. of this title shall present a claim to the state or political subdivision for any appropriate relief including the award of money damages.

Okla. Stat. tit. 51, § 156(A).

There is no question that, under the plain language of the OGTCA's notice provisions, a plaintiff's notice of tort claim must, at the very least, state the nature of the

claim being asserted, the identity of the governmental agency who is to be a defendant in the case, and the amount of compensation desired from that governmental entity that allegedly wronged the plaintiff:

> E. The written notice of claim to the state or a political subdivision shall state the date, time, place and ***circumstances of the claim, the identity of the state agency or agencies involved, the amount of compensation or other relief demanded***, ***the name, address and telephone number of the claimant***, the name, address and telephone number of any agent authorized to settle the claim, and any and all other information required to meet the reporting requirements of the Medicare Secondary Payer Mandatory Reporting Provisions in Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 (MMSEA) through the Centers for Medicare & Medicaid Services (CMS). Failure to state either the date, time, place and circumstances and amount of compensation demanded, or any information requested to comply with the reporting claims to CMS under MMSEA shall not invalidate the notice unless the claimant declines or refuses to furnish such information after demand by the state or political subdivision. The time for giving written notice of claim pursuant to the provisions of this section does not include the time during which the person injured is unable due to incapacitation from the injury to give such notice, not exceeding ninety (90) days of incapacity.

Okla. Stat. tit. 51, § 156(E) (emphasis added).

Oklahoma law requires that a plaintiff substantially comply with the OGTCA's notice provisions. *Osterhout v. Bd. of Cnty. Commissioners of LeFlore Cnty., Oklahoma*, 10 F.4th 978, 985 (10th Cir. 2021). A plaintiff does not substantially comply with the notice provisions where the information provided does not satisfy "'the purposes of the statutory notice requirement.'" *See id*. at 985 (quoting *Mansell v. City of Lawton*, 1995 OK 81, ¶ 9, 901 P.2d 826, 830 (superseded on other grounds). The purposes of the OGTCA's notice requirements include, among other things: "1) prompt investigation of the claim; 2) opportunity to repair any dangerous condition; 3) quick and amicable settlement of

8

meritorious claims; and 4) fiscal planning to meet any possible liability." *Mansell*, 1995 OK 81, ¶ 9, 901 P.2d at 830. There is no question that, at the very core of the OGTCA's notice provisions, is the most basic requirement that the claimant state the name of the governmental entity to be sued and the claim(s) that are going to be asserted against it. Okla. Stat. tit. 51, § 156(E). Without such basic information, the purposes of the OGTCA cannot possibly be satisfied. Thus, it is undeniable that where a plaintiff's tort claim notice wholly fails to state the name of the defendant to be sued and the type of claim(s) to be asserted, the tort claim notice fails to substantially comply with the OGTCA notice requirement as a matter of law. *See id*.

In this case, Plaintiffs' Complaint represents that *all* Plaintiffs complied with the OGTCA's notice requirements by submitting a Notice of Tort Claim to Defendant City. However, a plain reading of Plaintiff's Notice of Tort Claim demonstrates that Plaintiffs' Notice is only submitted by "Amber Selvey, next friend of [L.S], a minor. (*See* Ex. 1, Notice of Tort Claim, p. 1-2). Plaintiffs Tyler Selvey and Amber Selvey are not separately listed as claimants. Alternatively[1], Amber Selvey was the only listed claimant and L.S. and Tyler Selvey have failed to submit a notice of tort claim. This is fundamental noncompliance with the state's notice provisions under the OGTCA. Further, Plaintiffs only gave notice of their claims being asserted against the school district, merely mentioning the Stillwater Police Department as it concerns the hiring, training, supervision,

---

[1] Plaintiffs' choice of language in the notice is vague and confusing. However the Court determines to interpret it, it is clear that either Amber Selvey or L.S. is not a claimant. Tyler Selvey is not mentioned in the Notice.

and control of SRO Blankinship. (Ex. 1, Notice of Tort Claim, p. 5, fn. 2). Specifically, Plaintiffs' Notice does not include any reference to claims of *respondeat superior* or negligence as it concerns the Stillwater Police Department. (Ex. 1, Notice of Tort Claim). This deprives Defendant City of notice of such claims and of the opportunity to promptly investigate, evaluate, negotiate, and plan fiscally in relation to such intended claims, as envisioned by the OGTCA. *See Mansell*, 1995 OK 81, ¶ 9, 901 P.2d at 830.

Thus, Plaintiffs' Tort Claim Notice simply does not substantially comply with OGTCA's notice requirements with respect to Defendant City. *Cf Osterhout*, 10 F.4th at 985. The Tenth Circuit has held that if a plaintiff makes minor errors in their tort claim notice, such as providing an attorney's contact information rather than the plaintiff's, the plaintiff may still be in substantial compliance with the OGTCA's notice provisions if the primary purposes of the notice provisions are otherwise satisfied. *Id*. But such a situation is simply not present before the Court in this case. Here, Plaintiffs have failed to include the identity of at least two claimants and their negligence and/or *respondeat superior* claims asserted against this Defendant. This cannot suffice as substantial compliance with the notice provisions of the OGTCA. *See id*.  As a result, Plaintiffs do not have a viable tort claim against Defendant City and the Court would have no jurisdiction over such claims. Okla. Stat. tit. 51, § 156; *Ullman*, 2023 OK 100, ¶ 20, 538 P.3d at 144. Plaintiffs' Fourth and Fifth Claims for Relief, asserted against Defendant City, should be dismissed as a matter of law pursuant to Fed. R. Civ. Proc. 12(b)(6).

**B.    HIRING, TRAINING, SUPERVISION, AND RETENTION OF EMPLOYEES ARE DISCRETIONARY ACTS EXEMPTED FROM LIABILITY UNDER THE GTCA.**

While the OGTCA waives governmental immunity for torts by the state or a political subdivision, the extent of that waiver is statutorily limited. Okla. Stat. tit. 51, § 155. Specifically exempted under the OGTCA is liability arising from the "performance of or the failure to exercise or perform any act or service which is in the discretion of the state or political subdivision or its employees." *Id.* In that regard, in *Jackson v. Okla. City Pub. Sch.,* 2014 OK CIV APP 61, 333 P.3d 975, the parents of a student that had allegedly been physically assaulted by a teacher sued the school district asserting, in part, a claim for negligent hiring, and supervision. *Id.* at ¶ 2. The school district filed a motion for summary judgment arguing, in part, that it was immune from suit for the plaintiffs' claim for negligent hiring and supervision pursuant to Okla. Stat. tit. 51, § 155(5) of the OGTCA. *Id.* at ¶ 4. The Oklahoma Court of Civil Appeals upheld the trial court's grant of summary judgment on that issue, holding that it was settled law that a political subdivision's hiring and retention decisions are discretionary. *Id.* at ¶ 9.

Applying Oklahoma law, federal courts have reached the same conclusion. In *Manning v. City of Tulsa*, the plaintiff "argue[d] the exception only applies to hiring and training polices as to 'managerial' or upper level employees, not 'a street level patrol officer.'" No. 17-CV-336-EFM-SH, 2023 WL 11643939 (N.D. Okla. Feb. 9, 2023). The court declined to apply the plaintiffs' characterization, stating:

> [t]he clear weight of Oklahoma authority supports the finding that **the hiring, training, supervising, monitoring and retention of employees are actions which implicate a political entity's policy and planning functions, and therefore fall under the discretionary function exemption of Section 155(5)**. *See Johnson v. Indep. Sch. Dist. No. 89 of Okla. Cnty.*, No. CIV-15-680-D, 2016 WL 1270266 at *8 (W.D. Okla. 2016). (negligent supervision);

11

*Burris v. Okla. ex rel. Okla. Dep't of Corrections*, 2014 WL 442154, at \*9 (W.D. Okla. 2014) (negligent hiring, training, supervision, and retention of a correctional center's case manager); *Seals v. Jones*, 2013 WL 5408004, at \*4 (N.D. Okla. 2013) (negligent hiring and retention of a deputy); Houston, 949 F. Supp. 2d at 1109 (negligent supervision and retention of an executive director); *Fumi v. Bd. of Conty. Comm'rs of Rogers Cnty.*, 2011 WL 4608296, at \*6 (N.D. Okla. 2011) (negligent training and supervision of investigating sergeant); *Burns v. Holcombe*, 2010 WL 2756954, at \*15 (E.D. Okla. 2010) (negligent hiring, training, and supervision of police officers); *Jackson v. Okla. City Pub. Schs.*, 333 P.3d 975, 979 (Okla. Civ. App. 2014) (negligent hiring, training, and supervision of teacher). Notably, many of these decisions apply the exemption to "low level employees" such as teachers and police officers. Therefore, the Court concludes Plaintiff's negligent hiring, training and supervision claim is barred by the discretionary function exemption found in Okla. Stat. tit. 51, § 155(5).

Plaintiff's Complaint alleges negligence in the hiring, supervision, and retention of SRO Blankinship on the part of the City. As discussed above, such claims are irrefutably discretionary acts from which liability is exempted under the OGTCA. Accordingly, the negligent hiring, supervision, and retention claims should be dismissed as a matter of law.

## C.    PLAINTIFFS' FOURTH CLAIM FOR RELIEF FAILS ON THE PLEADINGS AS TO DEFENDANT CITY.

Independent of Plaintiffs' failure to substantially comply with the OGTCA's notice provisions, Plaintiffs' Fourth Claim for Relief also fails on the face of the pleadings under Okla. Stat. tit. 51, § 153, which immunizes a municipality for any act of an employee acting outside the scope of his employment. Okla. Stat. tit. 51, § 153. Plaintiffs' Fourth Claim for Relief asserts that Defendant City is liable under a theory of *respondeat superior* for the tort of intentional infliction of emotional distress allegedly carried out by Defendants Mack Butler, Walter Howell, and Paul Blankinship. Plaintiffs allege that these individual

defendants engaged in conduct against Plaintiff L.S. that was "so extreme and outrageous as to go beyond all possible bounds of decency and would be considered atrocious and utterly intolerable in a civilized society." (Dkt. 1, ¶ 129). Plaintiffs offer no fact allegations showing in any way how such alleged conduct was within the scope of employment, as would be required to support liability under Okla. Stat. tit. 51, § 153.

The OGTCA establishes that "the state or a political subdivision shall be liable for loss resulting from its torts or the torts of its employees acting within the scope of their employment" but "shall not be liable under the provisions of The Governmental Tort Claims Act for any act or omission of an employee acting outside the scope of the employee's employment." Okla. Stat. tit. 51, § 153. Municipalities, as political subdivisions, are covered entities under this framework. Okla. Stat. tit. 51, § 152.

Under Oklahoma law, to prevail on a claim of intentional infliction of emotional distress, a plaintiff must show that: "(1) the tortfeasor acted intentionally or recklessly; (2) the tortfeasor's conduct was extreme and outrageous; (3) the plaintiff actually experienced emotional distress; and (4) the emotional distress was severe." *Starr v. Pearle Vision, Inc*., 54 F.3d 1548, 1558 (10th Cir. 1995). The requirement of "extreme and outrageous" conduct inherently excludes good faith action, which is necessary for conduct to fall within the scope of employment under the OGTCA. *See id*; Okla. Stat. tit. 51, § 153. In *McMullen v. City of Del City*, the Oklahoma Court of Civil Appeals held that a city covered by Governmental Tort Claims Act could not be held liable on plaintiff's claim for intentional tort of outrage premised on alleged actions by police officers, as an outrage claim could not be proved if the officer acted in good faith, and if officers acted intentionally and

13

willfully to cause plaintiff emotional distress, and never acted in good faith, then they were not acting within scope of their employment. *McMullen v. City of Del City*, 1996 OK CIV APP 46, ¶ 8, 920 P.2d 528, 531 ("There is no way to prove a claim for [intentional infliction of emotional distress] if the defendant has acted in good faith."). As the Northern District further clarified:

> The OGTCA "immunize[s] a governmental entity ... when, in order to prevail on the particular tort claim sued upon, a plaintiff is required, as a matter of law, to show conduct on the part of a governmental employee that would mandate a determination the employee was not acting in good faith." *Fehring v. State Ins. Fund*, 19 P.3d 276, 283 (Okla.2001). "In other words, when, for viability, the tort cause of action sued upon requires proof of an element that necessarily excludes good faith conduct on the part of governmental employees, there can be no liability against the governmental entity in a GTCA-based suit." *Id*. Examples of torts for which municipal liability never attaches include malicious prosecution, intentional infliction of emotional distress, and bad-faith failure to pay a workers' compensation award. *Id*. at 283-85.[2]
>
> *Murphy v. Spring*, 58 F. Supp. 3d 1241, 1264 (N.D. Okla. 2014).

In this case, under the above well-established principles, the alleged intentional infliction of emotional distress which Plaintiffs claim was carried out by Defendants Mack Butler, Walter Howell, and Paul Blankinship cannot, as a matter of law, fall within the

---

[2] The Oklahoma Supreme Court overruled *Fehring* only "to the extent that its holding provides that acts performed with reckless disregard for an individual's rights automatically lack good faith in cases *where the tort at issue does not require proof of an element that necessarily excludes good faith conduct or requires a showing of malice.*" *Gowens v. Barstow*, 2015 OK 85, ¶ 21, 364 P.3d 644, 652 (emphasis added). Thus, *Gowens* clearly does not overrule *Fehring* with respect to claims like intentional infliction of emotional distress, which by definition cannot be committed within scope of governmental employment. *See id*. The Court in *Gowens*, in fact, specifically distinguished the facts presented in *Gowens* from cases like *McMullen*, which involved the tort of intentional infliction of emotional distress. *Id*. at 652.

14

scope of these individuals' employment with the school district. Such a claim necessarily requires a showing of bad faith. Plaintiffs indeed allege that these individual defendants engaged in conduct that was "so extreme and outrageous as to go beyond all possible bounds of decency and would be considered atrocious and utterly intolerable in a civilized society." (Dkt. 1, ¶ 129). Additionally, Plaintiffs' Complaint offers no fact allegations showing how such alleged conduct could reasonably be considered as within the scope of employment.

For these reasons, Plaintiffs' Fourth Claim for Relief asserted against Defendant City fails as a matter of law. The tort of intentional infliction of emotional distress is not a tort upon which municipal liability can attach. *Murphy*, 58 F. Supp. 3d at 1264 ("Examples of torts for which municipal liability never attaches include malicious prosecution, intentional infliction of emotional distress, and bad-faith failure to pay a workers' compensation award."). Consequently, for this independent reason, Plaintiffs' Fourth Claim for Relief should be dismissed for failure to state a claim, pursuant to Fed. R. Civ. Proc. 12(b)(6).

### III. CONCLUSION

WHEREFORE, for the above reasons, Plaintiffs' claims against Defendant City should be dismissed under Fed. R. Civ. Proc. 12(b)(6). Thus, Defendant City requests that the Court dismiss Plaintiffs' claims with prejudice to re-filing.

Respectfully submitted,

s/ W.R. Moon Jr.
W.R. Moon, Jr., OBA No. 32079
COLLINS ZORN & WAGNER, PLLC
429 N.E. 50th Street, Second Floor
Oklahoma City, OK 73105
Telephone:   (405) 524-2070
Facsimile:   (405) 524-2078
E-mail:      wrm@czwlaw.com

***ATTORNEY FOR DEFENDANT:***
***CITY OF STILLWATER***

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2026, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Pansy Moore-Shrier
Cheyenne Donatello
Drew Mathews
Moore-Shrier Law Firm
201 S. Denver Ave., Box-7, Suite 306
Tulsa, OK 74103
pansy@mstulsalaw.com
cheyenne@mstulsalaw.com
drew@mstulsalaw.com
***Attorneys for Plaintiffs***

Peter A. Erdoes
21 East Main Street, Suite 101
Oklahoma City, OK 73104
peter@erdoespc.com
***Attorney for Defendant Walter Howell***

Maurice G. Woods, II
Seth A. Caywood
Maurice G. Woods, PLLC
410 N.W. 13th Street

Oklahoma City, OK 73103
mw@mwoodslaw.com
seth@mwoodslaw.com
***Attorneys for Defendant Jesse Butler***

Michael G. McAtee
Lori Christine B. McInnes
McAtee Baker & McInnes, PLLC
410 N.W. 13th Street
Oklahoma City, OK 73103
mikem@mbm-lawyers.com
christinem@mbm-lawyers.com
***Attorney for Defendants Jacque Butler and Mack Butler***

Robert S. Lafferrandre
Jessica L. Dark
W. Riley Nester
Pierce Couch Hendrickson Baysinger & Green, LLP
P.O. Box 26350
Oklahoma City, OK 73126
rlafferrandre@piercecouch.com
jdark@piercecouch.com
rnester@piercecouch.com
***Attorneys for Defendant Paul Blankinship***

s/ W.R. Moon Jr.
W.R. Moon, Jr.