## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) Amber Selvey, individually; | ) | |
| (2) Tyler Selvey, individually; | ) | |
| (3) and on behalf of their minor child L.S; | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 5:25-cv-1544-SLP |
| | ) | |
| (1) Independent School District Number 16 | ) | |
| of Payne County, State of Oklahoma, a/k/a | ) | |
| Stillwater Public School District, | ) | |
| a/k/a Stillwater Independent | ) | |
| School District Number 16; | ) | |
| (2) City of Stillwater; | ) | |
| (3) Jesse Butler, an individual; | ) | |
| (4) Jacque Butler, an individual; | ) | |
| (5) Mack Butler, | ) | |
| in his individual and official capacity; | ) | |
| (6) Paul Blankinship, | ) | |
| in his individual and official capacity; | ) | |
| (7) Walter Howell, | ) | |
| in his individual and official capacity; | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' RESPONSE TO**
**DEFENDANT CITY OF STILLWATER'S MOTION TO DISMISS**

Plaintiffs Amber Selvey, Tyler Selvey, and L.S., for their *Response to Defendant*

*City of Stillwater's Motion to Dismiss* [Dkt. 21], state and argue as follows:

## Relevant Facts of Case

At all relevant times, L.S. was a student attending Stillwater High School in

Defendant School District, and Defendant Paul Blankinship was the School Resource

Officer. [Dkt. 1 ¶ 4, 13]. L.S. is a deaf/hard of hearing individual and is entitled to accommodations under her Individual Education Plan. [Dkt. 1 ¶ 5].

On September 12, 2024, L.S. reported to Defendant School District that Defendant Jesse Butler ("Butler") had sexually assaulted, strangled, harassed, stalked, and abused her. [Dkt. 1 ¶ 32]. Blankinship then conducted an interview with L.S. regarding the allegations against Butler. [Dkt. 1 ¶ 33]. After conducting the interview, Blankinship stated L.S. would need to get her story straight with Butler's other victim and go to the Saville Center for Child Advocacy to make sure she was telling the truth. [Dkt. 1 ¶ 34]. Blankinship did not investigate L.S.'s allegations and did not take any action to protect her. [Dkt. 1 ¶¶ 35-36].

On January 22, 2025, Blankinship pulled L.S. out of class for a private meeting, which is against school policy. [Dkt. 1 ¶ 56]. At the meeting, Blankinship informed L.S. that he was aware of Butler's habit of stalking L.S. in the school parking lot. [Dkt. 1¶ 57]. Blankinship informed L.S. that as long as Butler did not speak to her, Blankinship would not do anything about Butler's conduct. [Dkt. 1 ¶ 58]. Blankinship pulled L.S. out of class to embarrass her in front of her classmates by making it appear that she was in trouble. [Dkt. 1 ¶ 59].

On January 28, 2025, Mack Butler, Walter Howell, and SRO Blankinship attended a school wrestling match as a part of their job duties. [Dkt. 1 ¶ 60]. The three men sat together and glared at and intimidated L.S. during the match, causing L.S. distress. [Dkt. 1 ¶ 62].

On January 29, 2025, School District held its first safety plan meeting for L.S. [Dkt. 1 ¶ 63]. Blankinship was required to attend L.S.'s safety meeting as a part of his duties as

a school resource officer, but he did not attend the meeting. [Dkt. 1¶ 69]. After the school held L.S.'s safety meeting, the school held a reciprocal meeting for Butler. [Dkt. 1 ¶ 73]. Blankinship was designated as a safe person on campus for Butler at that meeting. [Dkt. 1 ¶ 75].

On January 30, 2025, Tyler and Amber Selvey complained about SRO Blankinship's conduct to his supervisor, Lieutenant Cluck, at the Stillwater Police Department. [Dkt. 1 ¶ 70]. After listening to the Selvey's complaints, Lieutenant Cluck told the Selveys that SRO Blankinship is friends with the Butlers, so they should not hold SRO Blankinship's conduct against him. [Dkt. 1 ¶ 71].

On February 5, 2025, Butler violated L.S.'s emergency protective order ("EPO"). [Dkt. 1 ¶ 76]. Student athletes were on the basketball court for a school-sponsored event, Senior Signing Day. Blankinship was in attendance, as were multiple members of the administration and staff were present. [Dkt. 1 ¶ 77]. At Senior Signing Day, in full view of staff and administrators, Butler came within five feet of L.S. to stare at, harass, and intimidate her. [Dkt. 1 ¶ 78]. Not one school employee intervened on L.S.'s behalf in response to Butler's violation of the EPO. [Dkt. 1 ¶ 79]. It was only when one of L.S.'s cheer teammates informed a cheer coach about Butler's conduct that anyone intervened. The cheer coach removed L.S., not Butler, from the court. [Dkt. 1 ¶ 79]. After the violation, Blankinship advocated for Butler not to have any consequences from the school for violating the EPO. [Dkt. 1 ¶ 82].

L.S. suffered and continues to suffer mental and emotional anguish. [Dkt. 1 ¶ 95]. L.S. has received and continues to receive counseling for mental and emotional anguish.

[Dkt. 1 ¶ 98]. The mental and emotional distress interfered with L.S.'s ability to receive an education, participate in extracurricular activities, and work as a cheer and tumbling coach. [Dkt. 1 ¶¶ 99-100]. Plaintiffs Tyler and Amber Selvey incurred costs and medical expenses as a result of Howell's actions, and lost the consortium and services of their daughter. [Dkt. 1 ¶¶ 104-107].

On September 8, 2025, Plaintiffs mailed their "Notice of Tort Claim Against Stillwater Public School District." [Dkt. 21-1 at 4].  Relevant to Plaintiffs' claims against the City, Plaintiffs mailed service to the City Clerk and to the Chief of Police. [Dkt. 21-1 at 1]. The Notice identified that claims were being submitted by Plaintiff Amber Selvey on behalf of Plaintiff L.S. [Dkt. 21-1 at ¶ 1]. The Notice stated that Paul Blankinship was the School Resource Officer during the time period relevant to Plaintiffs claims. [Dkt. 21-1 at ¶ 5]. As Plaintiffs allege in their *Complaint*, and Defendant City was aware, Defendant Paul Blankinship was employed, in part, by the Stillwater Police Department, which is a municipal department under the control of Defendant City. [Dkt. 1 at ¶¶ 7, 8, 13]. The Notice identifies at footnote 2 that this was being sent to the Stillwater Police Department due to Defendant Blankinship's conduct "to the extent that Stillwater Police Department hired, trained, supervised, and otherwise exercised control over SRO Blankinship." [Dkt. 21-1 at fn 2.]

The Notice identified specific dates and actions by Defendant Blankinship that formed the basis of the relief requested in the Notice. [Dkt. 21-1 at ¶¶ 21-24, 33].  The Notice identified that on January 22, 2025, Defendant Blankinship pulled L.S. out of class during school for a private meeting, which was against school policy. [Dkt. 21-1 at ¶ 21].

4

Defendant Blankinship informed L.S. at that meeting that he would not stop Butler from stalking and harassing her on campus. *Id.* The Notice described Defendant Blankinship attending a wrestling match on January 28, 2025, with Mack Butler and Walter Howell to stare at and intimidate Plaintiff L.S. [Dkt. 21-1 at ¶ 22]. The notice also describes Defendant Blankinship failing to intervene when Butler violated his Emergency Protective Order ("EPO") at school in Blankinship's presence. [Dkt. 21-1 at ¶ 24]. The events described in the Notice primarily occurred while Defendant Blankinship was working as a School Resource Officer as an employee of Defendant City. [Dkt. 21-1 at ¶¶ 21-24, 33]. The Notice alleges L.S.'s damages and makes a demand for policy limits for resolution of claims under the GTCA. [Dkt. 21-1 at ¶¶ 37-38].

### Standard

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court "assume[s] the truth of plaintiff's well-plead factual allegations and view[s] them in the light most favorable to plaintiff." *Ridge at Redhawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). To survive a motion to dismiss under 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). A complaint that omits some necessary facts may still satisfy this requirement "so long as the court can plausibly infer the unarticulated assumptions." *Miles v. Washington,* 2009 U.S. Dist.

LEXIS 7300 2009 at *6, 2009 WL 259722 (E.D. Okla. Feb. 2, 2009) (quoting *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)). The complaint only needs to contain enough factual allegations "to raise a right to relief above the speculative level." *Twombly*, 127 S.Ct. at 1965.

**ARGUMENTS AND AUTHORITIES**

**A.      Plaintiffs' Tort Claim Notice substantially complied with the tort claim notice and  Defendant City to its claims.**

"The OGTCA should not be construed to 'defeat the ends of justice.'" *Aery v. Nuckolls*, 2016 U.S. Dist. LEXIS 137565 at * 10 2016 WL 5795322 (N.D. Okla. Oct. 4, 2016) (quoting *Duncan v. City of Stroud*, 2015 Ok CIV APP 48, 348 P.3d 446, 450). The Oklahoma Supreme Court has "consistently recognized that substantial compliance with the notice provisions of the Act is sufficient when the political subdivision is not prejudiced and the provided information satisfies the purposes of the statutory notice requirement." *Osterhout v. Bd. Of Cty. Comm'rs*, 10 F.4th 978, 985 (10th Cir. Aug. 24, 2021)(quoting *Mansell v. City of Lawton*, 1995 OK 81, 901 P.2d 826, 830). The Oklahoma Supreme Court has rejected a "hyper-technical application" of the GTCA's notice requirements in favor of a "more reasoned approach sounding in equity." *McWilliams v. Bd. of Cty. Comm'rs*, 2011 OK 103, 268 P.3d 79, 85. Substantial compliance with the GTCA does not require that a plaintiff "mention each theory of relief." *Lopex v. City of Tulsa*, 2010 U.S. Dist. LEXIS 102415 at * 9, 2010 WL 3825395 (N.D. Okla. Sept. 27, 2010)(finding that defendant city's argument that a plaintiff must mention every legal theory in the notice was without any support).

Plaintiffs' Notice fully complied with the requirements under the GTCA.  Plaintiffs sent the Notice to the City and identified the employee, the events giving rise to Plaintiffs' claims, and the specific dates on which those events occurred. [Dkt. 21-1 at 1, ¶¶ 1, 7, 8, 21-24]. Plaintiffs mention specifically the damages they seek and the amount requested. [Dkt. 21-1]. Plaintiff Amber and Tyler Selvey's claims in this suit are derivative of Plaintiff L.S.'s claims. [Dkt. 1 at ¶¶ 104-107]. They will recover damages only if L.S. does. The City was properly notified of L.S.'s claims and the consequential damages resulting therefrom. The Notice even identifies the legal theories that Plaintiff L.S. intended to pursue against Defendant City, though it was not required to do so. [Dkt. 21-1 at fn. 2].

Defendant City's request to dismiss all of Plaintiffs' claims due to the alleged defects is contrary to Oklahoma law. The cases that Defendant City cites to do not support this argument. The cases that City cites to, also cited here by Plaintiffs, support the lenient and equitable standard Oklahoma court use in interpreting the sufficiency of the GTCA notice. It would be inequitable for the Court to dismiss Plaintiffs claims against Defendant City because the alleged minor defects with the Notice (which Plaintiffs contend do not exist). Defendant City has not identified how they were prejudiced by any alleged deficiencies, how any alleged defects defeated the purpose of the notice, or how any investigation or resolution of the claims were impeded by any alleged deficiencies. Plaintiffs' Notice satisfies the statutory requirements, and Defendant City's request to dismiss on this basis should be denied.

**B. Defendant City does not have immunity from Plaintiffs' negligent hiring, training, and supervision claims**

Defendant City overstates the immunity granted to government entities under the discretionary exemption in the GTCA. Okla. Stat. tit. 51 § 155(5). The Oklahoma Supreme Court described explained its application of immunity for performing discretionary functions in *Nguyen v. State*, noting that "discretionary function exemptions from governmental tort liability is extremely limited." 1990 OK 21, 788 P.2d 962, 964. The Oklahoma Supreme Court further explained that:

> [u]nder this approach, once a discretionary policy decision has been made, government employees have a duty to execute the policy on the operational level without negligence. Moreover, the general rule under the planning-operational test is that the discretion is exhausted by the initial adoption of policy, and that decisions to apply broad policy in specific cases are operational level decisions. Thus, under this approach, the government retains its immunity with respect to formulation of policy, but is subject to liability for routine decisions and daily implementation of the policy or planning level decision.

1990 OK 21, 788 P.2d 962, 965. See also, *State ex. rel. Oklahoma Dep't of Pub. Safety v. Gurich*, 2010 OK 56, 238 P.3d 1, 3. (affirming the holding of *Nguyen v. State*). In *Hasenfratz v. Ponca City Independent School District*, the Court of Civil Appeals specifically distinguished *Jackson v. Oklahoma City Public Schools*, noting that the school district defendant in that case was liable for its officials' negligent implementation of policy. 2015 OK CIV APP 82, 358 P.3d 964, n.8.

*Brown v. Muldrow Public Schools* provides a clear application of Oklahoma law to the facts of this case. 2024 OK CIV APP 20, 557 P.3d 1063. In *Brown*, plaintiff Brown was a student who reported multiple instances of bullying by B.B., a fellow student, to both

his teacher and the school's principal. *Id.* at 1068. B.B. was the son of a teacher at the high school, and the school did not take any action to intervene on Brown's behalf. *Id.* at 1068. B.B. then assaulted Brown in the school cafeteria, inflicting multiple injuries. *Id.* at 1069. Brown filed suit against multiple defendants and included a claim against the school district for negligent supervision. *Id.* at 1069.

The school district moved multiple times throughout the case for a finding that it had immunity from Brown's negligent supervision claims under the discretionary function of the GTCA. *Brown,* 788 P.2d at 1069-70. After a jury verdict in Brown's favor, the school district appealed, in part, on the denial of a requested jury instruction that it had discretionary immunity under Okla. Stat. tit. 51 § 155(5). *Id.* at 1071.The Court of Civil Appeals affirmed the trial court's denial of the jury instruction, and upheld the jury's verdict that the school district was liable for negligently supervising its employees. *Brown,* 788 P.2d at 1078.

The facts as alleged in Plaintiffs' *Complaint* are similar to the facts in *Brown.* Defendant Blankinship was working at Stillwater High School as a School Resource Officer, an employee of Defendant City. [Dkt. 1 at ¶ 4, 13]. Plaintiff L.S. reported abuse and ongoing harassment by another student to Defendant Blankinship, but he did not take any action to stop the harassment or investigate the incident. [Dkt. 1 at ¶ 32-36]. Defendant Blankinship pulled L.S. out of class and informed her that he was aware of Butler stalking her on campus, but would not intervene on her behalf. [Dkt. 1 at ¶ 56-59]. Defendant Blankinship skipped attending L.S.'s safety meeting, and failed to intervene on L.S.'s behalf when Butler violated the EPO. [Dkt. 1 at ¶¶ 69, 76-79]. When Amber and

Tyler Selvey reported Defendant Blankinship's conduct to his supervisor at the police department (another employee of Defendant City), the supervisor defended Defendant Blankinship's conduct. [Dkt. 1 at ¶ 70-71].

The facts as alleged show the negligent implementation of policy by Defendant City's employees and Defendant City's negligent supervision thereof, consistent with Oklahoma law. Taken in the light most favorable to the Plaintiffs, these facts state a claim that the City is liable for the negligent hiring, training, and supervision of Defendant Blankinship.

**C.    The question of whether Blankinship was acting within the scope of his employment cannot be resolved on a motion to dismiss.**

At the pleading stage, courts have allowed IIED claims to proceed against government employers and individual employees when the outrageous conduct occurred during the performance of an employee's duties. *Elizabeth S. v. Okla. City. Pub. Schs,* 2008 U.S. Dist. LEXIS 67099 at * 9-13, 2008 WL 4147572 (W.D. Okla. Sept. 3, 2008); *Fitzer v. Indep. Sch. Dist. No. 15*, 2015 U.S. Dist. LEXIS 142140 at *10, 2015 WL 6160370 (W.D. Okla. Oct. 20, 2015). "Except in cases where only one reasonable conclusion can be drawn, the question of whether an employee has acted within the scope of employment at any given time is a question for the trier of fact." *Melton v. Oklahoma ex. rel. University of Oklahoma*, 532 F.Supp.3d 1080, 1092 (W.D. Okla. Mar. 31, 2021)(citations omitted). The issue of scope of employment "may be adjudicated upon consideration of a summary judgment motion, it cannot properly be determined in a motion to dismiss."

*Pendergraft v. Bd. of Regents of Okla. Colls.*, 2019 U.S. Dist. LEXIS 136341 at * 17, 2019 WL 3806639 (W.D. Okla. Aug. 13, 2019)(citations omitted).

The *Elixabeth S.* case dealt with a similar issue on a motion to dismiss and IIED claim. *Elizabeth S. v. Okla. City. Pub. Schs,* 2008 U.S. Dist. LEXIS 67099 at * 9-13, 2008 WL 4147572 (W.D. Okla. Sept. 3, 2008). In this case, a student was repeatedly harassed and abused by a teacher while at school. *Id.* at * 2-3. The student filed suit against the school district and multiple teachers, in part, for intentional infliction of emotional distress. *Id.* at *3. The school district moved to dismiss the claim on immunity under the GTCA because "intentional torts are outside the scope of a public-entity employee's employment as a matter of law." *Id.* at * 9-11. The school district further argued that "allegations a teacher sexually assaulted a student, or that other school employees knew of the conduct and willfully and wantonly failed to respond, clearly place the actions of these individuals outside the scope of employment." *Id.* at 11.

The district court denied the motion to dismiss. *Elizabeth S.* 2008 U.S. Dist. LEXIS 67099 at * 12. The district court cited to *Nail v. City of Henryetta*'s holding that*:*

> [a]s a general rule, it is not within the scope of an employee's employment to commit an assault on a third person. However, this general rule does not apply when the act is one which is 'fairly and naturally incident to the business,' and is done 'while the servant was engaged upon the master's business and be done, although mistakenly or ill advised, with a view to further the master's interest, or from some impulse of emotion which naturally grew out of or was incident to the attempt to perform the master's business.'

*Id.* at 11. (quoting *Nail v. City of Henryetta,* 1996 OK 12, 911 P.2d 914, 917-918). The district court found that the complaints against the defendants, specifically the teacher that

11

assaulted the student, occurred during the course of employment, at school, and on school grounds. *Id.* at 12. The district court found that these allegations were sufficient to show that the school could be liable on the IIED claim, and the district court allowed the case to proceed past a motion to dismiss.

The *Complaint* alleges conduct by Defendant Blankinship that mainly occurred during school hours, on school grounds, while Blankinship was acting as a School Resource Officer. Defendant Blankinship's failure to investigate or respond to Butler's harassment of L.S. was an outrageous act, but also one that occurred in the performance of his duties for Defendant City. [Dkt. 1 at ¶¶ 32-36]. Defendant Blankinship embarrassed L.S. when he pulled her out of class to make it seem like she had done something wrong, and then stated that he would not protect her from Butler's continuing harassment on campus. [Dkt. 1 at ¶¶ 56-59]. Defendant Blankinship failed to intervene when Butler violated L.S.'s EPO, and then advocated for Butler not to face any consequences for the violation. [Dkt. 1 at ¶¶ 76-82]. These acts are outrageous, were intended to inflict emotional distress on L.S., and they all occurred while Blankinship was on school grounds, during school hours, while Blankinship was acting as a School Resource Officer. There are questions of fact to resolve as to whether Defendant Blankinship was acting within the scope of his employment for Defendant City.

Plaintiffs should be allowed to conduct discovery as to this issue of scope of employment. Defendant Paul Blankinship has argued that he has immunity under the GTCA because he was acting in the scope of his employment. [Dkt. 18 at 5-8]. Plaintiffs responded that there are questions as to whether Defendant Blankinship was acting in bad

12

faith at the time, and so his *Motion to Dismiss* should be denied. [Dkt. 28 at 5-6]. Defendant City has asserted that Defendant Blankinship could not be acting in the scope of his employment [Dkt. 21 at 13-15]. Despite this assertion by Defendant City, Defendant Blankinship's supervisor defended his conduct to Tyler and Amber Selvey. [Dkt. 1 at ¶ 70-71]. There are questions of fact as to the performance of Defendant Blankinship's duties for Defendant City as to whether he was acting in good faith. Plaintiffs request that they be allowed to conduct discovery as to the scope of employment.

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests the Court deny Defendant City's *Motion to Dismiss*. [Dkt. 21].[1]

Respectfully submitted,

**MOORE-SHRIER LAW FIRM**

By: *s/Drew Mathews*
Pansy Moore-Shrier, OBA No. 20289
Drew Mathews, OBA No. 34979
Cheyenne Donatello, OBA No. 35894
201 S. Denver Ave, Box-7
Suite 306
Tulsa, Oklahoma 74103
(918) 592-3001
(918) 794-7149 (*facsimile*)
*Attorneys for Plaintiffs*

---

[1] While Plaintiffs contend that the *Complaint* is not deficient, Plaintiffs requests that should the Court determine otherwise, that it grant Plaintiffs leave to amend pursuant to Fed. R. Civ. P. 15(a)(2).

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of March 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic filing to all counsel who have entered an appearance in the case.

s/*Drew Mathews*
Drew Mathews

14