IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

AMBER SELVEY, individually;       )
TYLER SELVEY, individually;       )
and on behalf of their minor child L.S.   )
                                  )
        Plaintiffs,               )
                                  )
v.                                )        Case No.  CIV-25-1544-SLP
                                  )
                                  )
INDEPENDENT SCHOOL DISTRICT,      )
NUMBER 16 OF PAYNE COUNTY, et al. )
                                  )
        Defendants.               )

**DEFENDANT CITY OF STILLWATER'S
REPLY TO PLAINTIFFS' RESPONSE TO
MOTION TO DISMISS AND BRIEF IN SUPPORT**

Defendant City of Stillwater (hereafter "Defendant City") hereby respectfully submits its Reply to Plaintiffs' Response to Defendant's Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6). In support of its Motion to Dismiss, Defendant City would show the Court as follows:

## I. ARGUMENT & AUTHORITIES

### A. PLAINTIFFS HAVE NOT SHOWN SUBSTANTIAL COMPLIANCE WITH THE OGTCA'S NOTICE PROVISIONS.

With respect to Defendant City, Plaintiffs have not substantially complied with the notice provisions of the Oklahoma Governmental Tort Claims Act (hereafter "the OGTCA"). *See* Okla. Stat. tit. 51, § 156; *Ullman v. Oklahoma Highway Patrol*, 2023 OK 100, ¶ 20, 538 P.3d 138, 144. Of course, "[t]he notice requirement is a mandatory prerequisite jurisdictional requirement to filing a claim for tort damages." *Ullman*, 2023

OK 100, ¶ 20, 538 P.3d at 144. "A lawsuit must be based on the claimant presenting written notice of a claim within one year of the date the loss occurs, or the claim is forever barred." *Id*. Plaintiffs agree that Oklahoma law requires that they substantially complied with the OGTCA's notice provisions. *Osterhout v. Bd. of Cnty. Commissioners of LeFlore Cnty., Oklahoma*, 10 F.4th 978, 985 (10th Cir. 2021). A plaintiff does not substantially comply with the notice provisions where the information provided does not satisfy "'the purposes of the statutory notice requirement.'" *See id*. at 985 (quoting *Mansell v. City of Lawton*, 1995 OK 81, ¶ 9, 901 P.2d 826, 830 (superseded on other grounds).

In this case, the Complaint asserts three different claims for relief against Defendant City. First, in Plaintiffs' Fourth Claim for Relief, Plaintiff L.S. asserts that the City is liable under a theory of *respondeat superior* for the commission of the tort of intentional infliction of emotional distress, allegedly carried out by three different School District employees, Mack Butler, Walter Howell, and Paul Blankinship. (Dkt. 1, p. 17). The Notice of Tort Claim, Dkt. 21-1, submitted by Plaintiffs does not give Defendant City adequate notice of this claim. Not only does the Notice fail to mention the City of Stillwater in the body of the notice, it does not mention the tort of Intentional Infliction of Emotional Distress (hereafter "IIED"). It also does not communicate any allegations of fact reasonably suggesting that Plaintiff L.S. was intending to assert a claim for IIED, much less against Defendant City. This also thwarted the purposes of the OGTCA's notice provisions. It deprived Defendant City of the opportunity to promptly investigate this separate and unique claim, and it deprived Defendant City of the chance to engage in settlement negotiations with respect to such claim. Thus, with respect to Plaintiff L.S.'s IIED claim

against Defendant City, there was no substantial compliance with the OGTCA's Notice provision. This requires dismissal of the IIED claim as it relates to Defendant City. *See* Okla. Stat. tit. 51, § 156; *Ullman*, 2023 OK 100, ¶ 20, 538 P.3d at 144.

Second, in the Complaint's Fifth Claim for Relief, Plaintiff L.S. asserts that the City was negligent in the hiring, supervision and retention of School District employees, Mack Butler, Walter Howell, and Paul Blankinship. (Dkt. 1, p. 17). The Notice of Tort Claim did not give adequate notice of this claim, as it merely vaguely mentions in a footnote that the Stillwater Police Department may have hired, trained, supervised or otherwise controlled Paul Blankinship. Moreover, the very heading of the Notice specifies only that notice is being given of a claim against the School District. The Notice of Tort Claim does not ever mention Defendant City. The Notice also does not indicate or even suggest that any of the Plaintiffs in this action were asserting a claim for negligent hiring, training, or supervision of School District employees, Mack Butler or Walter Howell, as the Complaint asserts in its Fifth Claim for Relief against Defendant City. This impaired Defendant City's ability to promptly investigate such a claim and engage in settlement negotiations in regards to such claim.

Third, in the Complaint's Ninth Claim for Relief, Plaintiffs Amber and Tyler Selvey each assert individual claims for negligence against Defendant City, asserting their own personal claims for damages. There is no question that the Notice of Tort Claim in this case gave absolutely no notice of any such claim. It is fundamental to any tort claim notice to clearly state who the claimant is who will assert a claim and the nature of the claim. In this case, Plaintiffs gave no notice in any way of individual claims being asserted by Amber

and Tyler Selvey for their own claimed damages. Defendant City clearly had no notice that Amber and Tyler Selvey were intending to assert their own tort claims against Defendant City. Amber Selvey is only listed in the Notice as the next friend of the minor, L.S. The Notice clearly indicates that only one claimant intended to assert claims against the School District, the minor L.S. through her next friend, Amber Selvey. Therefore, the Notice of Tort Claim fails to give notice of any claim intended to be asserted by Amber and Selvey, individually. This thwarted the purposes of the OGTCA's notice provisions by depriving Defendant City of the opportunity to investigate Amber and Tyler Selvey's separate tort claims, and it deprived Defendant City of the chance to engage in settlement negotiations in relation to such claim, as clearly envisioned by the OGTCA. For these reasons, the Ninth Claim for Relief in the Complaint should be dismissed as it relates to Defendant City. *See* Okla. Stat. tit. 51, § 156; *Ullman*, 2023 OK 100, ¶ 20, 538 P.3d at 144.

**B.    PLAINTIFFS' CLAIM FOR NEGLIGENT HIRING, TRAINING, SUPERVISION FAILS AS A MATTER OF LAW UNDER THE OGTCA.**

The OGTCA specifically exempts the state or its political subdivisions from liability arising from the "performance of or the failure to exercise or perform any act or service which is in the discretion of the state or political subdivision or its employees." Okla. Stat. tit. 51, § 155(5). As the Northern District has instructively and clearly explained, in assessing and interpreting Oklahoma law on this point, "[t]he clear weight of Oklahoma authority supports the finding that **the hiring, training, supervising, monitoring and retention of employees are actions which implicate a political entity's policy and planning functions, and therefore fall under the discretionary function exemption of**

**Section 155(5)**.” *Manning v. City of Tulsa*, No. 17-CV-336-EFM-SH, 2023 WL 11643939 (N.D. Okla. Feb. 9, 2023) (emphasis added) (citing numerous other decisions addressing this issue in Oklahoma law and reaching the same conclusion) (unpublished[1]).

Contrary to Plaintiffs' argument in their Response brief, Plaintiffs do not successfully distinguish the case of *Jackson v. Okla. City Pub. Sch.,* 2014 OK CIV APP 61, 333 P.3d 975, where the parents of a student who had been physically assaulted by a teacher sued the school district asserting, in part, a claim for negligent hiring and supervision. *Jackson,* 2014 OK CIV APP 61, 333 P.3d 975, at ¶ 2. As the Court in *Jackson* explained, it is settled law that a political subdivision's hiring and retention decisions are discretionary acts. *Id.* at ¶ 9. The Court, therefore, affirmed the trial court's granting of summary judgment as to the negligent hiring and supervision claim, under Okla. Stat. tit. 51, § 155(5).

Additionally, Plaintiffs' reliance upon the case of *Hasenfratz v. Ponca City Independent School District*, 2015 OK CIV APP 82, 358 P.3d 964, is not helpful or on point. That case involved a general negligence claim arising from a cheerleader injury during a pep rally. In *Hasenfratz*, the opinion shows that the claimant was not pursuing a specific claim for negligent hiring, retention or supervision. *Id*. at 964, n. 8. Rather, as the Court pointed out, the claimant "[did] not maintain that the District was negligent in selecting the qualifications and number of supervising coaches, or in the selection of the specific persons who supervised the practices." *Id*. at 964, n. 8. Thus, as the Court

---

[1] A copy of this unpublished decision is attached as Exhibit 1.

concluded, the opinion in *Jackson* simply did not apply for that reason. *See id*. at 964, n. 8.

The Court in *Hasenfratz* also did not seek to overrule or call into question the opinion in

*Jackson*, which certainly does apply to Plaintiffs' claim in this case for negligent hiring,

retention, and supervision. *Cf. id.*[2]

Plaintiffs' Complaint in this case specifically alleges a claim for negligent hiring,

supervision, and retention on the part of the City. (Dkt. 1, p. 17). Under Oklahoma law and

numerous federal decisions interpreting Oklahoma law, such claims are considered

discretionary acts from which liability is exempted under the OGTCA. For this reason,

Plaintiffs' negligent hiring, supervision, and retention claim should be dismissed as a

matter of law, as it relates to Defendant City.

## C.  PLAINTIFFS FAIL TO STATE A CLAIM FOR IIED AGAINST DEFENDANT CITY.

Plaintiffs have not overcome the legal reality that the Fourth Claim for Relief fails

on the face of the pleadings, under Okla. Stat. tit. 51, § 153, which immunizes a

---

[2] Plaintiffs' reliance upon *Brown v. Muldrow Pub. Sch.*, 2024 OK CIV APP 20, ¶ 39, 557 P.3d 1063, 1078, is likewise misplaced. First, the opinion in *Brown* has merely persuasive value. Furthermore, the decision did not employ a detailed analysis and did not even address the decision in *Jackson v. Okla. City Pub. Sch.,* 2014 OK CIV APP 61, 333 P.3d 975. Additionally, the opinion relies heavily upon the 2010 decision of the Oklahoma Supreme Court in *State ex rel. Oklahoma Dep't of Pub. Safety v. Gurich*, 2010 OK 56, ¶ 9, 238 P.3d 1, 3, which did not specifically address whether Okla. Stat. tit. 51, § 155(5) provides immunity to political subdivisions from claims for negligent hiring, retention, and supervision. Rather, the *Gurich* opinion discusses whether that exemption applies to negligent performance of duties by an officer. The opinion in *Gurich* does not hold that claims for negligent hiring, retention and supervision are not exempt under Okla. Stat. tit. 51, § 155(5), as Plaintiffs attempt to assert here.

municipality for any act of an employee acting outside the scope of his employment. Okla. Stat. tit. 51, § 153. There is no question that Plaintiffs' Fourth Claim for Relief asserts that Defendant City is liable under a theory of *respondeat superior* for the tort of IIED, allegedly carried out by Defendants Mack Butler, Walter Howell, and Paul Blankinship. Plaintiffs have specifically alleged in this case that these individual defendants engaged in conduct against Plaintiff L.S. that was "so extreme and outrageous as to go beyond all possible bounds of decency and would be considered atrocious and utterly intolerable in a civilized society." (Dkt. 1, ¶ 129). In contrast to the case relied upon by Plaintiffs, *Elizabeth S. v. Oklahoma City Pub. Sch.*, CIV-08-105-M, 2008 WL 4147572, at \*4 (W.D. Okla. Sept. 3, 2008) (unpublished[3]), there are no fact allegations in the Complaint in this case showing how such alleged conduct was in good faith or within the scope of employment, as would be required to support any liability under Okla. Stat. tit. 51, § 153. In *Elizabeth S.*, the District Court specifically stated in its decision that it did in fact find allegations pertaining to acts performed *within* the defendant's employment. *Elizabeth S.*, 2008 WL 4147572, at \*4. Such facts are not found within the allegations in Plaintiffs' Complaint pertaining to IIED. Plaintiffs have also offered no facts showing how the alleged IIED conduct in this case was the result of "some impulse of emotion which naturally grew out of or was incident to the attempt to perform the master's business." *Nail v. City of Henryetta*, 1996 OK 12, 911 P.2d 914, 917-18.

---

[3] This unpublished decision is attached as Exhibit 2.

There is no dispute that, to prevail on a claim of intentional infliction of emotional distress, a plaintiff must show that: "(1) the tortfeasor acted intentionally or recklessly; (2) the tortfeasor's conduct was extreme and outrageous; (3) the plaintiff actually experienced emotional distress; and (4) the emotional distress was severe." *Starr v. Pearle Vision, Inc.*, 54 F.3d 1548, 1558 (10th Cir. 1995). Plaintiffs' Response suggests that facts could come to light showing that Defendant Blankinship was acting in "good faith." However, the requirement of "extreme and outrageous" conduct in the tort of IIED would necessarily and inherently exclude any good faith action. *See id*. There is simply no tort of IIED, where Defendant Blankinship was acting in good faith in the scope of his employment. *See id*.

Plaintiffs also do not address or overcome the opinion in *McMullen v. City of Del City*, wherein the Oklahoma Court of Civil Appeals held that a city could not be held liable on a plaintiff's claim for IIED premised on alleged actions by police officers, because an IIED claim could simply not succeed if the officer acted in good faith, and if officers acted intentionally and willfully to cause plaintiff emotional distress, and never acted in good faith, then they were not acting within scope of their employment. *McMullen v. City of Del City*, 1996 OK CIV APP 46, ¶ 8, 920 P.2d 528, 531 ("There is no way to prove a claim for [intentional infliction of emotional distress] if the defendant has acted in good faith.").

Plaintiffs, moreover, do not address the Northern District's sound assessment and interpretation of Oklahoma law on this point in *Murphy v. Spring*, wherein the Northern District accurately stated that "[e]xamples of torts for which municipal liability never attaches include malicious prosecution, intentional infliction of emotional distress, and bad-faith failure to pay a workers' compensation award." *Murphy v. Spring*, 58 F. Supp.

3d 1241, 1264 (N.D. Okla. 2014). Defendant City, therefore, cannot be held liable for the tort of IIED committed by one of its employees. *See id*.

Additionally, Plaintiffs' own Response brief indeed admits that Defendant Blankinship's acts were "outrageous" and, more importantly, "were *intended* to inflict emotional distress on L.S." (Dkt. 31, p. 12) (emphasis added). Outrageous conduct that is intended to inflict emotional distress cannot, as a matter of law, fall within the scope of employment with the school district. The intent to cause emotional distress automatically meets the definition of bad faith, as a matter of law. Neither Plaintiffs' Response brief, nor Plaintiffs' Complaint, offers any fact allegations showing how such conduct could plausibly be considered as being in good faith or within the scope of employment.

Thus, Plaintiffs' Fourth Claim for Relief asserted against Defendant City fails as a matter of law. The tort IIED is simply not a tort upon which municipal liability can attach. *Murphy*, 58 F. Supp. 3d at 1264. For this reason, Plaintiffs' Fourth Claim for Relief should be dismissed for failure to state a claim, pursuant to Fed. R. Civ. Proc. 12(b)(6).

### III. CONCLUSION

WHEREFORE, for the above reasons, Plaintiffs' claims against Defendant City should be dismissed under Fed. R. Civ. Proc. 12(b)(6). Thus, Defendant City requests that the Court dismiss Plaintiffs' claims with prejudice to re-filing.

Respectfully submitted,


s/ W.R. Moon Jr.
W.R. Moon, Jr., OBA No. 32079
COLLINS ZORN & WAGNER, PLLC
429 N.E. 50th Street, Second Floor
Oklahoma City, OK 73105
Telephone:    (405) 524-2070
Facsimile:    (405) 524-2078
E-mail:        wrm@czwlaw.com

***ATTORNEY FOR DEFENDANT:***
***CITY OF STILLWATER***

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2026, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Pansy Moore-Shrier
Cheyenne Donatello
Drew Mathews
Moore-Shrier Law Firm
201 S. Denver Ave., Box-7, Suite 306
Tulsa, OK 74103
pansy@mstulsalaw.com
cheyenne@mstulsalaw.com
drew@mstulsalaw.com
***Attorneys for Plaintiffs***

Peter A. Erdoes
21 East Main Street, Suite 101
Oklahoma City, OK 73104
peter@erdoespc.com
***Attorney for Defendant Walter Howell***

10

Maurice G. Woods, II
Seth A. Caywood
Maurice G. Woods, PLLC
4811 Gaillardia Parkway, Suite 100
Oklahoma City, OK 73142
mw@mwoodslaw.com
seth@mwoodslaw.com
*Attorneys for Defendant Jesse Butler*

Michael G. McAtee
Lori Christine B. McInnes
McAtee Baker & McInnes, PLLC
410 N.W. 13th Street
Oklahoma City, OK 73103
mikem@mbm-lawyers.com
christinem@mbm-lawyers.com
*Attorney for Defendants Jacque Butler and Mack Butler*

Robert S. Lafferrandre
Jessica L. Dark
W. Riley Nester
Pierce Couch Hendrickson Baysinger & Green, LLP
P.O. Box 26350
Oklahoma City, OK 73126
rlafferrandre@piercecouch.com
jdark@piercecouch.com
rnester@piercecouch.com
*Attorneys for Defendant Paul Blankinship*

John E. Priddy
Adam S. Breiphol
Rosenstein Fist Ringold
525 S. Main, Suite 700
Tulsa, OK 74103
johnp@rfrlaw.com
abreiphol@rfrlaw.com
*Attorneys for Defendant Independent School District No. 16 of Payne County*

11

s/ W.R. Moon Jr.
W.R. Moon, Jr.