2008 WL 4147572
Only the Westlaw citation is currently available.
United States District Court,
W.D. Oklahoma.

ELIZABETH S., Individually and as Mother
and Next Friend of A.B., a Minor, Plaintiff,

v.

OKLAHOMA CITY PUBLIC
SCHOOLS, et al., Defendants.

No. CIV–08–105–M.
|
Sept. 3, 2008.

**Attorneys and Law Firms**

Joe B. Reynolds, Joe Brett Reynolds PC, Oklahoma City, OK,
for Plaintiff.

F. Andrew Fugitt, Oklahoma City, OK, James M. Reid,
Edmond, OK, for Defendants.

### *ORDER*

VICKI MILES–LaGRANGE, District Judge.

**\*1** Before the Court are defendants Independent School
District No. 89, Oklahoma County, Oklahoma ("the
District"), Trina Liles and Joyce Burratti (collectively
"defendants") with a motion to dismiss [docket no. 8], filed
March 12, 2008. On April 15, 2008, plaintiff filed her
response, and on April 28, 2008, defendants filed their reply.
Also before the Court is plaintiff with her "Motion to Dismiss
Count One of Defendant Ellis' Counterclaim, and Brief in
Support" [docket no. 10], filed March 18, 2008. No response
was filed to this motion. As this matter is ripe for adjudication,
the Court makes its determination.

### *I. Background*

Plaintiff's case stems from a series of alleged incidents
of sexual harassment and abuse committed by defendant
James Ellis ("Ellis") against A.B. while she was a student
at John Marshall High School, located in the Oklahoma
City Public School District. Plaintiff claims that between
October of 2006 and June of 2007, defendant Ellis, one
of A.B.'s teachers at the school, inappropriately hugged,

sexually groped the private parts of A.B., and forced A.B.
to perform oral sex numerous times in his classroom at John
Marshall High School. Purportedly, defendant Ellis forced
A .B. to participate in the above behavior during the ten
(10) minute period between his classes, in which she was a
student and he was her teacher, and during her lunch period.
Furthermore, plaintiff alleges that defendant Ellis forced A.B.
to perform oral sex on him and forced oral sex and intercourse
upon A.B. at other locations, including but not limited to
the soccer fields at John Marshall High School, the vehicle
driven by defendant Ellis, and at the home of A.B. Plaintiff
became aware of the inappropriate conduct in June 2007 via
text messaging by defendant Ellis to A.B. and contacted the
Oklahoma City Police Department. On July 2, 2007, plaintiff
filed a protective order against defendant Ellis on behalf of
A.B. in the District Court of Oklahoma County.

On January 31, 2008, plaintiff filed a Complaint against
defendants alleging: violations of 42 U.S.C. § 1983 and
Title IX, intentional infliction of emotional distress, negligent
supervision, negligent retention, assault and battery, and
negligence per se. Defendants, with the exception of James
Ellis, now move to dismiss all claims, except for assault and
battery, for failure to state a claim upon which relief may be
granted. Separately, plaintiff now moves to dismiss defendant
Ellis' counterclaim alleging a violation of 42 U.S.C. § 1983
for failure to state a claim upon which relief may be granted.

### *II. Standard for Dismissal*

Upon reviewing a motion to dismiss, "a complaint should not
be dismissed for failure to state a claim unless it appears ...
plaintiff can prove no set of facts in support of his claim
which would entitle him to relief." *Bell Atl. Corp. v.
Twombly,* 127 S.Ct. 1955, 1968 (2007). The relevant inquiry
is whether the complaint contains enough facts to state a
claim to relief that is plausible on its face. *Ridge at
Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th
Cir.2007). "[A] plaintiff must 'nudge [ ][his] claims across
the line from conceivable to plausible' in order to survive a
motion to dismiss." *Id.* The issue in reviewing the sufficiency
of plaintiff's complaint is not whether she will prevail, but
whether she is entitled to offer evidence to support her claims.
*Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court
must assume as true all well pleaded facts in plaintiff's
complaint and view them in a light most favorable to plaintiff.
*Zinermon v. Burch,* 494 U.S. 113, 118 (1990); *Sutton*

EXHIBIT 2

WESTLAW   © 2026 Thomson Reuters. No claim to original U.S. Government Works.

*v. Utah State Sch. For the Deaf and Blind,* 173 F.3d 1226, 1236 (10th Cir.1999). However, the Court need not accept as true plaintiff's conclusory allegations. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991).

### III. Discussion

#### A. Section 1983 Claim

**\*2** In the Complaint, plaintiff alleges that Oklahoma City Public School officials, employees, agents, policy makers and decision makers (collectively "OKCPS officials") had notice of the pattern of acts committed by defendant Ellis.[1] Purportedly, the OKCPS officials were deliberately indifferent, acted in reckless disregard of the known dangers of their school, and failed to take remedial action. This allegedly caused A.B. injuries and deprived A.B. of the rights and privileges afforded to her by the Constitution.

Section 1983 provides that any person who, under color of state law, causes a deprivation of rights shall be liable to the party injured by such deprivation. 42 U.S.C. § 1983. "In order to survive a Rule 12(b)(6) motion to dismiss a § 1983 claim, a plaintiff must allege '(1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a 'person' (4) who acted under color of any statute, ordinance, regulation, custom[,] or usage, of any State or Territory or the District of Columbia.' " *Beedle v. Wilson,* 422 F.3d 1059, 1064 (10th Cir.2005) (internal citation omitted).

Furthermore, a municipality can be liable under § 1983 only where: (1) plaintiff possessed a constitutional right of which she was deprived; (2) the municipality had a policy, custom or practice; (3) the policy, custom or practice amounts to deliberate indifference to plaintiff's constitutional right; and (4) the policy, custom or practice was the moving force behind the constitutional violation. *City of Canton v. Harris,* 489 U.S. 378, 389–91 (1989).

Defendants assert that plaintiff's § 1983 claim against the District must be dismissed because plaintiff has not alleged any policy statement, ordinance, regulation, or official decision adopted by the Board of Education of Oklahoma City Public Schools that resulted in the alleged sexual assault

and/or harassment of A.B. Moreover, defendants contend that plaintiff has not alleged any facts which would demonstrate a custom or practice or that any actions were taken by a person with final policymaking authority for the District.

In response, plaintiff asserts that "municipal liability may be predicated upon the act of even a low-level subordinate who has been delegated final authority in a limited area, while a high-level official's order may not be actionable unless he or she possesses final decisionmaking authority with respect to that particular area." *Cornfield by Lewis v. Consol. High Sch. Dist. No. 230,* 991 F.2d 1316, 1325 (7th Cir.1993). In effect, plaintiff contends that the final policymaking authority has effectively been delegated to defendant Liles, the principal of John Marshall High School.

However, the Tenth Circuit has concluded that:

> Under Wyoming law, the Board of Trustees is vested with the authority to make personnel decisions. The statute governing school trustees gives them the power to '[e]mploy and determine the salaries and duties of' superintendents, principals, teachers, and all other school personnel. Wyo. Stat. Ann. § 21–3–111(a)(vi). The plaintiffs do not dispute this, but argue that because the school did not adequately supervise Mr. Dougherty, it delegated this authority to him and gave him the school board's status as final policymaker. In light of the legal-not factual-nature of the municipal liability inquiry, however, we are interested only in delegations of *legal power,* not in whether the board's actual exercise of its power of review was sufficiently aggressive. *See Jantz,* 976 F.2d at 631. With this in mind, we conclude that the board's delegation of administrative power to the superintendent did not turn him into the final policymaker.

**\*3** *Milligan–Hitt v. Bd. of Trustees of Sheridan County Sch. Dist. No.,* 523 F.3d 1219, 1227 (10th Cir.2008).

Having reviewed the parties' submissions, the Court finds that plaintiff has not established a prima facie case under § 1983, as plaintiff cannot prove that subordinates had policymaking authority. The relevant Oklahoma statute states, in pertinent part, that the "board of education of each school District shall have [the] power to ... [m]ake rules ... governing the board and the school system of the District". Okla. Stat. tit. 70, § 5–117. Therefore, under Oklahoma law, it

EXHIBIT 2

is the District, and not a superintendent, or principal, or defendants Liles or Burratti, which has final policymaking authority. Thus, even if the District had in fact delegated administrative power to the superintendent, or defendants Liles or Burratti, this would not turn the latter into final policymakers. Furthermore, the Court finds that plaintiff has not sufficiently alleged that a custom or practice taken by a person with final policymaking authority for the District was the moving force behind the alleged constitutional violation.

Accordingly, the Court grants dismissal of plaintiff's § 1983 claim.

### B. Title IX Claim

Plaintiff's second claim is brought under 20 U.S.C. § 1681, also known as Title IX. Defendants assert that plaintiff refers only to failures to act by OKCPS officials and makes no specific allegations against the District. It is well established that liability for violations of Title IX may only be imposed against the recipient of federal funds. *Murrell v. Sch. Dist. No. 1, Denver, Colo.,* 186 F.3d 1238, 1245 (10th Cir.1999). Having reviewed the Complaint, the Court finds that plaintiff has made an allegation against OKCPS officials, rather than the OKCPS. Because there is no allegation that the individual defendants here or the OKCPS officials are recipients of federal funds, the Court grants defendants' motion to dismiss. Based on this error, plaintiff requests leave to amend her Title IX claim to reflect OKCPS in lieu of OKCPS officials. For good cause, the Court grants plaintiff leave to amend the Complaint to correct the same.

### C. Intentional Infliction of Emotional Distress

Plaintiff's third claim is for the intentional infliction of emotional distress. Defendants assert that a governmental entity may be immunized from the tort of intentional infliction of emotional distress. Specifically, defendants contend that in order to state a claim in tort on which relief may be granted against the District, plaintiff must allege acts by an employee of the District which could reasonably be construed as good faith performance of the duties of his office, and this contention in non-existent in the Complaint.

It is well established that the District's liability pursuant to the Oklahoma Governmental Tort Claims Act ("GTCA") "shall be exclusive and in place of all other liability of the state, a political subdivision or employee at common law or otherwise." Okla. Stat. tit. 51, § 153. Furthermore, the District "shall not be liable under the provisions of this act for any act or omission of an employee acting outside the scope of his employment." *Id.* Scope of employment for the purposes of the GTCA "means performance by an employee acting in good faith within the duties of the employee's office or employment or of tasks lawfully assigned by a competent authority ...". Okla. Stat. tit. 51, § 152.

**\*4** Defendants assert that plaintiff must demonstrate acts by an employee of the District which could reasonably be construed as good faith performance of the duties of office. Because intentional torts are outside the scope of a public-entity employee's employment as a matter of law, defendants contend that the allegation a teacher sexually assaulted a student, or that other school employees knew of the conduct and wilfully and wantonly failed to respond, clearly place the actions of these individuals outside the scope of employment. *Holman By and Through Holman v. Wheeler,* 677 P.2d 645, 647 (Okla.1983). However, with regard to scope of employment, the Oklahoma Supreme Court has stated:

> As a general rule, it is not within the scope of an employee's employment to commit an assault on a third person. However, this general rule does not apply when the act is one which is 'fairly and naturally incident to the business,' and is done 'while the servant was engaged upon the master's business and be done, although mistakenly or ill advised, with a view to further the master's interest, or from some impulse of emotion which naturally grew out of or was incident to the attempt to perform the master's business.' An employee's act is within the scope of employment if it is incident to some service being performed for the employer or arises out of an emotional response to actions being taken for the employer.

*Nail v. City of Henryetta,* 911 P.2d 914, 917–918 (Okla.1996).

Having reviewed the Complaint, the Court finds allegations pertaining to acts performed within defendant Ellis' scope of employment. The conduct complained of allegedly occurred, in part, during school hours and on school grounds. Furthermore, to the extent that defendants assert this alleged conduct is not extreme and outrageous conduct which intentionally or recklessly causes severe emotional distress to another, the Court summarily denies. The Court finds this is exactly the type of conduct subject to adjudication pursuant to the tort of intentional infliction of emotional distress.

EXHIBIT 2

Accordingly, the Court denies defendants' motion to dismiss as to this basis.

### D. Negligence Per Se

Plaintiff alleges that defendants Liles and Burratti had a legal duty to report the alleged assaults by defendant Ellis to the Oklahoma Department of Human Services. The duties and responsibilities with respect to a school employee's obligations to report alleged child molestation are set forth in the Oklahoma Child Abuse Reporting and Prevention Act ("Act"), Okla. Stat. tit. 10, § 7101, *et. seq.* In pertinent part, the Act states "[e]very ... teacher of any child under the age or eighteen (18) years, and ... other person having reason to believe that a child under the age of eighteen (18) years is a victim of abuse and neglect, shall report the matter promptly to the Department of Human Services ." Okla. Stat. tit. 10, § 7103. Defendants contend that the Act does not apply to the situation as alleged here because, pursuant to Section 7102(5) of the Act, the caretaker in a residential setting is who the statute is designed to protect.

**\*5** However, defendants misconstrue the nature of plaintiff's negligence claim. Plaintiff appears to base liability on the common law tort that defendant's failure to report the suspicion of child abuse led, in part, to plaintiff's sustained injury, rather than liability on the existence of Okla. Stat. tit. 10, § 7101. "A statutory right of action and a common law negligence action are two distinct bases of civil liability." *Draper v. Westfield,* 181 S.W.3d 283, 292 (Tenn.2005). In this context, "[l]iability for [negligence per se] is incurred when it can be shown the plaintiff's injury resulted from a statutory violation and the plaintiff falls into a class of persons whom the legislature intended to protect." *Morgan v. Galilean Health Enter., Inc.,* 977 P.2d 357, 361–62 (Okla.1998).

Having reviewed the Complaint, the Court finds that plaintiff has properly stated a claim on the basis of a statutory tort. Furthermore, the Court finds that A.B. falls into a class of persons whom the Oklahoma legislature intended to protect. Accordingly, the Court denies defendants' motion to dismiss as to this basis.

### E. Remaining Negligence Claims

Plaintiff alleges negligence upon the part of defendants in that defendant Liles and Burratti failed in their duty to supervise defendant Ellis. [2] Plaintiff also claims that the District likewise failed to supervise defendant Ellis. Furthermore, plaintiff claims that the District "had knowledge of [defendant] Ellis' dangerous propensities toward A.B. and other female students." Complaint at ¶ 44. Plaintiff alleges that the District was negligent in retaining defendant Ellis despite this knowledge. The District asserts that it is exempt from liability under the GTCA.

Under the GTCA,

> The state or a political subdivision shall not be liable if a loss or claim results from:
>
> * * *
>
> (5) Performance of or the failure to exercise or perform any act or service which is in the discretion of the state or political subdivision or its employees;....

Okla. Stat. tit. 51, § 155(5). "Protected discretionary functions include the policy making and planning decisions, although not negligent performance of the policy." *Franks v. Union City Pub. Sch.,* 943 P.2d 611, 613 (Okla.1997). Further, the Oklahoma courts have consistently found that the decisions of a school district regarding security and the supervision of its students are discretionary acts and fall within the above-referenced exemption. *See Franks,* 942 P.2d at 613–14; *Randall v. Tulsa Indep. Sch. Dist. No. 1,* 889 P.2d 1264, 1267 (Okla.Civ.App.1994). Having carefully reviewed the Complaint, the Court finds that plaintiff's remaining negligence claims are based solely upon the District and its employees' performance of or failure to perform discretionary acts. The Court, therefore, finds that the District is exempt from liability under Okla. Stat. tit. 51, § 155(5) and that plaintiff's remaining negligence claims, accordingly, should be dismissed.

### F. Punitive Damages

**\*6** Defendants move to dismiss plaintiff's claim for punitive damages. Specifically, defendants assert that, under Oklahoma law, per the GTCA, punitive damages cannot be rendered in any action or claim against a political subdivision. Okla. Stat. tit. 51, § 154(B). Thus, defendants contend, should her negligence claims survive, plaintiff is not entitled

EXHIBIT 2

to punitive damages from them. Furthermore, defendants assert that punitive damages against the District are not allowed in § 1983 actions and that punitive damages are not allowed in Title IX actions. In her response, plaintiff does not dispute that punitive damages are not allowed against the District in § 1983 actions or in negligence actions but does contend that punitive damages are allowed in Title IX actions.

In discussing the available remedies under Title IX and by comparison, Title VI, the United States Supreme Court has found that "[a] funding recipient is generally on notice that it is subject not only to those remedies explicitly provided in the relevant litigation, but also to those remedies traditionally available in suits for breach of contract." *Barnes v. Gorman,* 536 U.S. 181, 187 (2002). In *Barnes,* the Supreme Court also noted that "punitive damages, unlike compensatory damages and injunction, are generally not available for breach of contract ....", *id.,* and concluded that "Title VI funding recipients have not, merely by accepting funds, implicitly consented to liability for punitive damages", *id.* at 188.

It is well established that Title IX is modeled after Title VI and is interpreted and applied in the same manner. *See id.* at 185. Accordingly, because the Supreme Court has found that punitive damages may not be awarded in private suits under Title VI, the Court finds that they may not be awarded in private suits under Title IX. *See Mercer v. Duke Univ.,* 401 F.3d 199, 202 (4th Cir.2005) (stating that punitive damages are not available under Title IX); *Mansourian v. Bd. of Regents of Univ. of Cal. at Davis,* No. CIV. 2–03–02591–FCD–EFB, 2007 WL 3046034, at * 13 (E.D.Cal. Oct. 18, 2007) (same); *Frechel–Rodriguez v. Puerto Rico Dept. of Educ.,* 478 F.Supp.2d 191, 198–99 (D.P.R.2007) (same); *Alston v. North Carolina A & T State Univ.,* 304 F.Supp.2d 774, 784 (M.D.N.C.2004) (same).

The Court, therefore, finds that plaintiff's claim for punitive damages against the District in relation to her § 1983 claim and plaintiff's claim for punitive damages in relation to her Title IX claim should be dismissed. Furthermore, the Court finds that plaintiff's claim for punitive damages against the District in relation to her negligence claims should be dismissed.

*G. Defendant Ellis' Counterclaim*

In his Answer, defendant Ellis asserts three counterclaims against plaintiff. Defendant Ellis alleges that plaintiff made specific allegations against him which were false. Defendant Ellis further alleges plaintiff's action deprived him of his "rights and privileges afforded him by the United States Constitution and the laws of the United States and of the State of Oklahoma." Answer of defendant Ellis at ¶ 28. Plaintiff now moves to dismiss the counterclaim asserting a violation of 42 U.S.C. § 1983.

**\*7** For defendant Ellis "[t]o state a claim under 1983, [he] must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (internal citation omitted) (overruled on other grounds by *Daniels v. Williams,* 474 U.S. 327, 330–331 (1986)).

Having reviewed defendant Ellis' Counterclaim, the Court finds that defendant Ellis does not set forth sufficient allegations that plaintiff was "acting under color of state law." Accordingly, the Court finds that this counterclaim should be dismissed.

*IV. Conclusion*

For the reasons set forth above, the Court hereby GRANTS IN PART and DENIES IN PART defendants' motion to dismiss, and GRANTS plaintiff's motion to dismiss as follows:

(A) The Court GRANTS defendants' motion to dismiss as to plaintiff's § 1983 claim, plaintiff's Title IX claim, plaintiff's negligent supervision claim, plaintiff's negligent retention claim, plaintiff's claim for punitive damages against the District in relation to her § 1983 claim, plaintiff's claim for punitive damages in relation to her Title IX claim, plaintiff's claim for punitive damages in relation to her negligence claims, and GRANTS plaintiff's motion to dismiss as to defendant Ellis' § 1983 counterclaim, and, hereby, DISMISSES said claims;

(B) The Court DENIES defendants' motion to dismiss as to plaintiff's intentional infliction of emotional distress claim, and plaintiff's negligence per se claim; and

EXHIBIT 2

WESTLAW   © 2026 Thomson Reuters. No claim to original U.S. Government Works.

2008 WL 4147572

(C) The Court GRANTS plaintiff leave to amend her Complaint by September 15, 2008 to reflect OKCPS in lieu of OKCPS officials on her Title IX claim.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in F.Supp.2d, 2008 WL 4147572

---

### Footnotes

1    The Court notes that plaintiff does not specifically allege that defendants Liles and Burratti are among the group of OKCPS officials.

2    The Complaint fails to specify how defendant Burratti, as a counselor at John Marshall High School, would have supervisory authority over defendant Ellis.

---

**End of Document**                                     © 2026 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 2