IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

AMBER SELVEY, individually;
TYLER SELVEY, individually;
and on behalf of their minor child L.S.

Plaintiff,

v.

INDEPENDENT SCHOOL DISTRICT, NUMBER 16 OF PAYNE COUNTY, STATE OF OKLAHOMA, a/k/a STILLWATER PUBLIC SCHOOL DISTRICT, a/k/a STILLWATER INDEPENDENT NUMBER 16;
CITY OF STILLWATER;
JESSE BUTLER, an individual;
JACQUE BUTLER, an individual;
MACK BUTLER, in his individual and official capacity;
PAUL BLANKINSHIP, in his individual and official capacity;
WALTER HOWELL, in his individual and official capacity;

Defendants.

Case No. CIV-25-1544-SLP

**DEFENDANT CITY OF STILLWATER'S**
**AMENDED MOTION TO DISMISS AND BRIEF IN SUPPORT**[1]

Defendant City of Stillwater (hereafter "Defendant City") hereby respectfully submits its Motion to Dismiss Plaintiff's claims asserted against it in Plaintiff's Complaint

[1] This Amended Motion to Dismiss is filed pursuant to the Court's Order (Dkt. 33) on September 16, 2026. Despite the appearance of Plaintiff L.S. being a minor it is the undersigned counsel's understanding that Plaintiff turned eighteen (18) in January of 2025. Nonetheless, this Amended Motion to Dismiss is filed in compliance with Dkt. 33.

(Dkt. 1), pursuant to Fed. R. Civ. P. 12(b)(6). In support of its Motion to Dismiss, Defendant City would show the Court as follows:

## I. INTRODUCTION

Plaintiffs' action involves various alleged assaults of minor Plaintiff, L.S., by her boyfriend at the time, Defendant Jesse Butler. (Dkt. 1, pp. 4-10). The alleged assaults occurred during the early spring school months of 2024. (Dkt. 1, pp. 4-10). The minor Plaintiff, L.S., and Defendant Jesse Butler, were students at Stillwater Independent School District No. 16's High School, during this time period. (Dkt. 1, pp. 4-10). Plaintiffs' action also involves alleged conduct by Jesse Butler's parents and several employees of the School District as well. (Dkt. 1, pp. 4-10).

Based on this alleged conduct, Plaintiffs' Complaint brings causes of action against the School District itself, as well as Jesse Butler, Jesse Butler's parents, certain employees of the School District, and the City of Stillwater. Plaintiffs assert a total of nine different claims for relief. Only two of them are asserted against Defendant City. First, in Plaintiffs' Fourth Claim for Relief, Plaintiffs assert that the City is liable under a theory of *respondeat superior* for the commission of the tort of intentional infliction of emotional distress, allegedly carried out by three different School District employees, Mack Butler, Walter Howell, and Paul Blankinship. (Dkt. 1, p. 17). Second, Plaintiffs assert, in their Fifth Claim for Relief, that the City was negligent in the hiring, supervision and retention of School District employees, Mack Butler, Walter Howell, and Paul Blankinship. (Dkt. 1, p. 17).

Importantly, in an attempt to comply with the Oklahoma Governmental Tort Claims Act's ("OGTCA") notice of tort claim provisions, Plaintiffs' Complaint insinuates that Plaintiffs submitted a Notice of Tort Claim to Defendant City with the claims asserted against Defendant City. (Dkt. 1, p. 4, ¶ 17). Plaintiffs state that such Notice of Tort Claim was received by Defendant City on September 11, 2025. (Dkt. 1, p. 4, ¶ 17). However, Plaintiff's actual Notice of Tort Claim clearly shows the opposite. (Ex. 1, Notice of Tort Claim). Plaintiffs' Complaint misrepresents what is contained in their Notice of Tort Claim. (Dkt. 1, ¶ 17); (Ex. 1, Notice of Tort Claim).

First, however, while Plaintiffs failed to attach their Notice of Tort Claim to their Complaint, federal law still allows this Court to consider it without converting this Motion to Dismiss into a Motion for Summary Judgment. This is because Plaintiffs have expressly referred to their Notice in the Complaint, the Notice is fundamentally central to Plaintiffs' claims against Defendant City, and there is no anticipated dispute about its authenticity whatsoever. *See Walbridge v. City of Oilton, Oklahoma*, 785 F. Supp. 3d 978, 989 (N.D. Okla. 2025). The attached Notice of Tort Claim is also not offered to prove the truth of the matter asserted therein, but rather to show its contents, i.e., what was included in the Notice, as well as what was not included. Additionally, a Notice of Tort Claim would be, by definition, a matter of public record of which this Court can take judicial notice. *See id*.

As the Northern District has recently explained:

> Trial judges are not limited to only looking at the facts of the complaint if the following conditions are met: (1) the complaint incorporates documents by reference, i.e., "documents attached as exhibits to the complaint"; (2) the complaint refers to the documents and "the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity;

> and (3) matters of which a court may take judicial notice." *Id.* at 1186 (citations omitted). On this latter prong, a court may "take judicial notice of its own files and records, as well as facts which are a matter of public record." *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006). Those documents, however, "may only be considered to show their contents, not to prove the truth of matters asserted therein." *Id.* (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)).
>
> *Walbridge*, 785 F. Supp. 3d at 989 (N.D. Okla. 2025).

Under the above, well-established procedural rule, the Court may consider Plaintiffs' Notice of Tort Claim under the second and third exceptions outlined by *Tal v. Hogan*, 453 F.3d at 1265 n.24. Plaintiffs clearly have referenced the Notice of Tort Claim in their Complaint. (Dkt. 1, ¶ 17). The Notice is also undeniably central, and indeed fundamental, to Plaintiffs' claims against Defendant City, since compliance with the OGTCA's notice requirement is a jurisdictional prerequisite to filing suit to begin with. Okla. Stat. tit. 51, § 156; *Ullman v. Oklahoma Highway Patrol*, 2023 OK 100, ¶ 20, 538 P.3d 138, 144 ("The notice requirement is a mandatory prerequisite jurisdictional requirement to filing a claim for tort damages."). If Plaintiffs did not submit a Notice of Tort Claim substantially complying with the OGTCA's notice provisions with respect to Defendant City, Plaintiffs have no viable tort claim against Defendant City at all. *See* Okla. Stat. tit. 51, § 156; *Ullman*, 2023 OK 100, ¶ 20, 538 P.3d at 144. There is also no genuine dispute as to the authenticity of the Notice submitted by Plaintiffs. *Walbridge*, 785 F. Supp. 3d at 989. The Notice is also only offered to show its contents, not to prove the truth of any matters asserted therein. *See Walbridge*, 785 F. Supp. 3d at 989 (N.D. Okla. 2025). Apart from this, the Notice is also a matter of public record, which is a separate basis for considering it at the dismissal stage, under *Tal v. Hogan*, 453 F.3d at 1265 n.24.

Consequently, the Notice of Tort Claim can be permissibly considered by the Court in ruling upon Defendant City's Motion to Dismiss. *See id*.

A review of Plaintiffs' Notice will demonstrate that it is not a notice of any tort claim that is now asserted against Defendant City. (Ex. 1, Notice of Tort Claim). Rather, it is a notice of Plaintiffs' claims being asserted solely against the School District itself. (Ex. 1, Notice of Tort Claim). It gives no notice of any kind of Plaintiffs' Fourth and Fifth Claims for Relief asserted against the City. Therefore, and as explained more fully herein, the Notice fails to substantially comply with the notice requirement under the OGTCA, which is a jurisdictional prerequisite for all tort claims against governmental entities. Okla. Stat. tit. 51, § 156; *Ullman*, 2023 OK 100, ¶ 20, 538 P.3d at 144. As a result, Plaintiffs' claims against Defendant City must be dismissed. Fed. R. Civ. Proc. 12(b)(6).

Independent of this, Plaintiffs' Fourth Claim for Relief, asserted against Defendant City, also fails under the clear language of Okla. Stat. tit. 51, § 153, which provides that a municipality is not liable for any act of an employee acting outside the scope of employment. Okla. Stat. tit. 51, § 153. Specifically, Plaintiffs' Fourth Claim for Relief asserts that Defendant City is liable under a theory of *respondeat superior* for the tort of intentional infliction of emotional distress allegedly carried out by Defendants Mack Butler, Walter Howell, and Paul Blankinship, who were school employees. (Dkt. 1, pp. 16-17). Due to the inherent elements of the tort of intentional infliction of emotional distress, it necessarily cannot be carried out within the scope of employment under Oklahoma law. *See, e.g., Murphy v. Spring*, 58 F. Supp. 3d 1241, 1264 (N.D. Okla. 2014). For this

independent reason, Plaintiffs' Fourth Claim for Relief should be dismissed for failure to state a claim under Fed. R. Civ. Proc. 12(b)(6).

## II. ARGUMENT & AUTHORITIES

In considering a 12(b)(6) motion, the truth of a plaintiff's *well-pled* factual allegations must be viewed in the light most favorable to the plaintiff. *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005). To overcome such a motion, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. The complaint must possess enough heft to "show that the pleader is entitled to relief" and furnish "factual allegations plausibly suggesting (not merely consistent with)" an entitlement to relief. *Id.* at 557. A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In that regard, the court need not credit bald assertions or legal conclusions masquerading as facts. *Iqbal,* 555 U.S. at 681.

"The Court must ask whether there is plausibility in the complaint when addressing the issue of sufficient factual pleadings to overcome a FRCP 12(b)(6) Motion to Dismiss." *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009), citing *Christy Sports, LLC v. Deer Valley Resort Co*., 555 F.3d 1188, 1191 (10th Cir. 2009). The *Hall* Court also found that the complaint does not need detailed factual allegations, but the factual allegations must be enough to raise a right to relief above the speculative level. *Id*. The Court further held that

"a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hall* at 863, citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). In *Iqbal*, the Court stressed that it is not enough for the plaintiff to plead facts "merely consistent" with the defendant's liability, and that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal* at 1949.

A plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (citing *Twombly*, 550 U.S. at 570). Where the complaint pleads only facts that do not permit the court to infer more than the mere possibility of misconduct, such complaint has not shown that the plaintiff is entitled to relief. *Id*. at 1950. *See also* Fed. R. Civ. P. 8(a)(2). Also, where a complaint contains no more than mere legal conclusions, such conclusions are not entitled to a presumption of truth. *Iqbal* at 1949-50.

Rather, a plaintiff must allege enough factual matter that, taken as true, suggest the legal conclusion plaintiff asserts. *Id*. at 1950 (citing *Twombly*, 550 U.S. at 570 (because the well-pleaded fact of conduct, accepted as true, did not plausibly suggest an unlawful agreement, the complaint must be dismissed)). While the pleading standard of Fed. R. Civ. P. 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 1949.

## A. PLAINTIFFS FAILED TO SUBSTANTIALLY COMPLY WITH THE OGTCA'S NOTICE PROVISIONS.

Before a plaintiff may file any cause of action sounding in tort against a governmental entity in Oklahoma, the plaintiff must comply with the state's notice requirement under the OGTCA with respect to that claim. Okla. Stat. tit. 51, § 156; *Ullman v. Oklahoma Highway Patrol*, 2023 OK 100, ¶ 20, 538 P.3d 138, 144. "The notice requirement is a mandatory prerequisite jurisdictional requirement to filing a claim for tort damages." *Ullman*, 2023 OK 100, ¶ 20, 538 P.3d at 144. As the Oklahoma Supreme Court has recently explained, "[a] lawsuit must be based on the claimant presenting written notice of a claim within one year of the date the loss occurs, or the claim is forever barred." *Id*.

Specifically, the OGTCA's notice provision states:

> A. Any person having a claim against the state or a political subdivision within the scope of Section 151 et seq. of this title shall present a claim to the state or political subdivision for any appropriate relief including the award of money damages.

Okla. Stat. tit. 51, § 156(A).

There is no question that, under the plain language of the OGTCA's notice provisions, a plaintiff's notice of tort claim must, at the very least, state the nature of the claim being asserted, the identity of the governmental agency who is to be a defendant in the case, and the amount of compensation desired from that governmental entity that allegedly wronged the plaintiff:

> E. The written notice of claim to the state or a political subdivision shall state the date, time, place and ***circumstances of the claim, the identity of the state agency or agencies involved, the amount of compensation or other relief demanded***, the name, address and telephone number of the claimant, the name, address and telephone number of any agent authorized to settle the claim, and any and all other information required to meet the reporting requirements of the Medicare Secondary Payer Mandatory Reporting Provisions in Section 111 of the Medicare, Medicaid and SCHIP Extension

> Act of 2007 (MMSEA) through the Centers for Medicare & Medicaid Services (CMS). Failure to state either the date, time, place and circumstances and amount of compensation demanded, or any information requested to comply with the reporting claims to CMS under MMSEA shall not invalidate the notice unless the claimant declines or refuses to furnish such information after demand by the state or political subdivision. The time for giving written notice of claim pursuant to the provisions of this section does not include the time during which the person injured is unable due to incapacitation from the injury to give such notice, not exceeding ninety (90) days of incapacity.
>
> Okla. Stat. tit. 51, § 156(E) (emphasis added).

Oklahoma law requires that a plaintiff substantially comply with the OGTCA's notice provisions. *Osterhout v. Bd. of Cnty. Commissioners of LeFlore Cnty., Oklahoma*, 10 F.4th 978, 985 (10th Cir. 2021). A plaintiff does not substantially comply with the notice provisions where the information provided does not satisfy "'the purposes of the statutory notice requirement.'" *See id*. at 985 (quoting *Mansell v. City of Lawton*, 1995 OK 81, ¶ 9, 901 P.2d 826, 830 (superseded on other grounds). The purposes of the OGTCA's notice requirements include, among other things: "1) prompt investigation of the claim; 2) opportunity to repair any dangerous condition; 3) quick and amicable settlement of meritorious claims; and 4) fiscal planning to meet any possible liability." *Mansell*, 1995 OK 81, ¶ 9, 901 P.2d at 830. There is no question that, at the very core of the OGTCA's notice provisions, is the most basic requirement that the claimant state the name of the governmental entity to be sued and the claim(s) that are going to be asserted against it. Okla. Stat. tit. 51, § 156(E). Without such basic information, the purposes of the OGTCA cannot possibly be satisfied. Thus, it is undeniable that where a plaintiff's tort claim notice wholly fails to state the name of the defendant to be sued and the type of claim(s) to be

asserted, the tort claim notice fails to substantially comply with the OGTCA notice requirement as a matter of law. *See id*.

In this case, Plaintiffs' Complaint represents that Plaintiffs complied with the OGTCA's notice requirements by submitting a Notice of Tort Claim to Defendant City. However, a plain reading of Plaintiff's Notice of Tort Claim demonstrates that Plaintiffs gave no notice whatsoever of *any* tort claim being asserted against Defendant City. (Ex. 1, Notice of Tort Claim). Plaintiffs *only* gave notice of their claims being asserted against the school district, not Defendant City. (Ex. 1, Notice of Tort Claim). Specifically, Plaintiffs' Notice expressly states that it is a notice of a claim against the school district alone, and the Notice does not include any reference to claims of *respondeat superior* or negligence hiring, supervision, or retention against Defendant City. (Ex. 1, Notice of Tort Claim). This deprived Defendant City of notice of such claims and of the opportunity to promptly investigate, evaluate, negotiate, and plan fiscally in relation to such intended claims, as envisioned by the OGTCA. *See Mansell*, 1995 OK 81, ¶ 9, 901 P.2d at 830. This is fundamental noncompliance with the state's notice provisions under the OGTCA.

Thus, Plaintiff's Tort Claim Notice simply does not substantially comply with OGTCA's notice requirements with respect to Defendant City. *Cf Osterhout*, 10 F.4th at 985. The Tenth Circuit has held that if a plaintiff makes minor errors in their tort claim notice, such as providing an attorney's contact information rather than the plaintiff's, the plaintiff may still be in substantial compliance with the OGTCA's notice provisions if the primary purposes of the notice provisions are otherwise satisfied. *Id*. But such a situation is simply not present before the Court in this case. Here, Plaintiffs have failed to include

the identity of the defendant and the claims asserted against it altogether. This cannot suffice as substantial compliance with the notice provisions of the OGTCA. *See id*. As a result, Plaintiffs do not have a viable tort claim against Defendant City and the Court would have no jurisdiction over such claims. Okla. Stat. tit. 51, § 156; *Ullman*, 2023 OK 100, ¶ 20, 538 P.3d at 144. Plaintiffs' Fourth and Fifth Claims for Relief, asserted against Defendant City, should be dismissed as a matter of law pursuant to Fed. R. Civ. Proc. 12(b)(6).

**B. PLAINTIFFS' FOURTH CLAIM FOR RELIEF FAILS ON THE PLEADINGS AS TO DEFENDANT CITY.**

Independent of Plaintiffs' failure to substantially comply with the OGTCA's notice provisions, Plaintiffs' Fourth Claim for Relief also fails on the face of the pleadings under Okla. Stat. tit. 51, § 153, which immunizes a municipality for any act of an employee acting outside the scope of his employment. Okla. Stat. tit. 51, § 153. Plaintiffs' Fourth Claim for Relief asserts that Defendant City is liable under a theory of *respondeat superior* for the tort of intentional infliction of emotional distress allegedly carried out by Defendants Mack Butler, Walter Howell, and Paul Blankinship. Plaintiffs allege that these individual defendants engaged in conduct against Plaintiff L.S. that was "so extreme and outrageous as to go beyond all possible bounds of decency and would be considered atrocious and utterly intolerable in a civilized society." (Dkt. 1, ¶ 129). Plaintiffs offer no fact allegations showing in any way how such alleged conduct was within the scope of employment, as would be required to support liability under Okla. Stat. tit. 51, § 153.

The OGTCA establishes that "the state or a political subdivision shall be liable for loss resulting from its torts or the torts of its employees acting within the scope of their employment" but "shall not be liable under the provisions of The Governmental Tort Claims Act for any act or omission of an employee acting outside the scope of the employee's employment." Okla. Stat. tit. 51, § 153. Municipalities, as political subdivisions, are covered entities under this framework. Okla. Stat. tit. 51, § 152.

Under Oklahoma law, to prevail on a claim of intentional infliction of emotional distress, a plaintiff must show that: "(1) the tortfeasor acted intentionally or recklessly; (2) the tortfeasor's conduct was extreme and outrageous; (3) the plaintiff actually experienced emotional distress; and (4) the emotional distress was severe." *Starr v. Pearle Vision, Inc.*, 54 F.3d 1548, 1558 (10th Cir. 1995). The requirement of "extreme and outrageous" conduct inherently excludes good faith action, which is necessary for conduct to fall within the scope of employment under the GTCA. *See id*; Okla. Stat. tit. 51, § 153. In *McMullen v. City of Del City*, the Oklahoma Court of Civil Appeals held that a city covered by Governmental Tort Claims Act could not be held liable on plaintiff's claim for intentional tort of outrage premised on alleged actions by police officers, as outrage claim could not be proved if city acted in good faith, and if officers acted intentionally and willfully to cause plaintiff emotional distress, and never acted in good faith, then they were not acting within scope of their employment. *McMullen v. City of Del City*, 1996 OK CIV APP 46, ¶ 8, 920 P.2d 528, 531 ("There is no way to prove a claim for [intentional infliction of emotional distress] if the defendant has acted in good faith."). As the Northern District further clarified:

> The OGTCA "immunize[s] a governmental entity ... when, in order to prevail on the particular tort claim sued upon, a plaintiff is required, as a matter of law, to show conduct on the part of a governmental employee that would mandate a determination the employee was not acting in good faith." *Fehring v. State Ins. Fund*, 19 P.3d 276, 283 (Okla.2001). "In other words, when, for viability, the tort cause of action sued upon requires proof of an element that necessarily excludes good faith conduct on the part of governmental employees, there can be no liability against the governmental entity in a GTCA-based suit." *Id*. Examples of torts for which municipal liability never attaches include malicious prosecution, intentional infliction of emotional distress, and bad-faith failure to pay a workers' compensation award. *Id*. at 283-85.[2]
>
> *Murphy v. Spring*, 58 F. Supp. 3d 1241, 1264 (N.D. Okla. 2014).

In this case, under the above well-established principles, the alleged intentional infliction of emotional distress which Plaintiffs claim was carried out by Defendants Mack Butler, Walter Howell, and Paul Blankinship cannot, as a matter of law, fall within the scope of these individuals' employment with the school district. Such a claim necessarily requires a showing of bad faith. Plaintiffs indeed allege that these individual defendants engaged in conduct that was "so extreme and outrageous as to go beyond all possible bounds of decency and would be considered atrocious and utterly intolerable in a civilized society." (Dkt. 1, ¶ 129). Additionally, Plaintiffs' Complaint offers no fact allegations

---

[2] The Oklahoma Supreme Court overruled *Fehring* only "to the extent that its holding provides that acts performed with reckless disregard for an individual's rights automatically lack good faith in cases *where the tort at issue does not require proof of an element that necessarily excludes good faith conduct or requires a showing of malice.*" *Gowens v. Barstow*, 2015 OK 85, ¶ 21, 364 P.3d 644, 652 (emphasis added). Thus, *Gowens* clearly does not overrule *Fehring* with respect to claims like intentional infliction of emotional distress, which by definition cannot be committed within scope of governmental employment. *See id*. The Court in *Gowens*, in fact, specifically distinguished the facts presented in *Gowens* from cases like *McMullen*, which involved the tort of intentional infliction of emotional distress. *Id*. at 652.

showing how such alleged conduct could reasonably be considered as within the scope of employment.

For these reasons, Plaintiffs' Fourth Claim for Relief asserted against Defendant City fails as a matter of law. The tort of intentional infliction of emotional distress is not a tort upon which municipal liability can attach. *Murphy*, 58 F. Supp. 3d at 1264 ("Examples of torts for which municipal liability never attaches include malicious prosecution, intentional infliction of emotional distress, and bad-faith failure to pay a workers' compensation award."). Consequently, for this independent reason, Plaintiffs' Fourth Claim for Relief should be dismissed for failure to state a claim, pursuant to Fed. R. Civ. Proc. 12(b)(6).

## III. CONCLUSION

WHEREFORE, for the above reasons, Plaintiffs' claims against Defendant City should be dismissed under Fed. R. Civ. Proc. 12(b)(6). Plaintiffs did not substantially comply with the most basic and fundamental notice provisions under the OGTCA, which are jurisdictional prerequisites. Okla. Stat. tit. 51, § 156; *Ullman*, 2023 OK 100, ¶ 20, 538 P.3d at 144. This requires dismissal of all tort claims as to Defendant City as a matter of law. Independent of this, Plaintiffs' Fourth Claim for Relief fails as to Defendant City because the tort of outrage is not within the scope of governmental employee's employment. Plaintiffs' Fourth Claim for Relief should be dismissed for this independent reason. Finally, these deficiencies in Plaintiffs' claims against Defendant City cannot be cured by any amendment to the Complaint. Thus, Defendant City requests that the Court dismiss Plaintiffs' claims with prejudice to re-filing.

Respectfully submitted,

s/ W.R. Moon Jr.
W.R. Moon, Jr., OBA No. 32079
COLLINS ZORN & WAGNER, PLLC
429 N.E. 50th Street, Second Floor
Oklahoma City, OK 73105
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
E-mail: wrm@czwlaw.com

***ATTORNEY FOR DEFENDANT: CITY OF STILLWATER***

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2026, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Pansy Moore-Shrier
Moore-Shrier Law Firm
201 S. Denver Ave., Box-7, Suite 306
Tulsa, OK 74103
pansy@mstulsalaw.com
***Attorney for Plaintiffs***

Peter A. Erdoes
21 East Main Street, Suite 101
Oklahoma City, OK 73104
peter@erdoespc.com
***Attorney for Defendant Walter Howell***

Maurice G. Woods, II
Seth A. Caywood
Maurice G. Woods, PLLC
410 N.W. 13th Street
Oklahoma City, OK 73103
mw@mwoodslaw.com
seth@mwoodslaw.com
***Attorneys for Defendant Jesse Butler***

Michael G. McAtee
Christine B. McInnes
McAtee Baker & McInnes, PLLC
410 N.W. 13th Street
Oklahoma City, OK 73103
mikem@mbm-lawyers.com
christinem@mbm-lawyers.com
***Attorney for Defendants Jacque Butler and Mack Butler***

Robert S. Lafferrandre
Jessica L. Dark
W. Riley Nester
Pierce Couch Hendrickson Baysinger & Green, LLP
P.O. Box 26350
Oklahoma City, OK 73126
rlafferrandre@piercecouch.com
jdark@piercecouch.com
rnester@piercecouch.com
***Attorneys for Defendant Paul Blankinship***

s/ W.R. Moon Jr.
W.R. Moon, Jr.